### 37945. FRANKLIN *v.* THE STATE.

CARLISLE, Judge. 1. In the trial of one charged with the offense of receiving stolen goods, it was not error for the trial court to charge the jury the provisions of Code § 26-2620 defining the offense with which the defendant was charged, and in immediate connection therewith read to them also the provisions of Code § 26-604, which defines an "accessory after the fact." In so charging the jury the court did not mislead them as to what offense the defendant was charged with, or as to the facts they would have to find in order to find the defendant guilty. The jury could not well have misunderstood under the entire charge and the evidence in the case that the defendant was charged with the offense of receiving stolen goods, nor could they have been confused as to what facts it was necessary that they find in order to convict him.

2. While the guilt of the principal thief is an element of the crime of receiving stolen goods, his conviction of that offense is not an element of the crime. Proof of the principal thief's conviction is only a condition precedent to proceeding with

the trial. *Johnson* v. *State*, 96 *Ga. App.* 151 (99 S. E. 2d 484). Accordingly, where the State introduced a copy of the indictment of the principal thief, together with his plea of guilty, and the court's sentence to serve four years in the State Penitentiary on account thereof, and where the principal thief testified in the trial of the case to having committed the thefts of the particular property which the defendant was charged with receiving, and also testified to having sold the property to the defendant and to having told the defendant at the time all the circumstances as to its being stolen property; and where he testified without objection to having pleaded guilty to the offense of burglary in connection therewith, the guilt of the principal thief was sufficiently established and it was not error for the court to fail to charge that his conviction must be proved.

3. It appears from the evidence in this case that the property involved was stolen from cottages on the shores of Lake Allatoona. In submitting proof of the case, witnesses for the State, in relating their investigation of the matter, brought out information as to burglaries from other cottages and houses in the area not here involved but closely related in time with that here involved and committed by the same principal thief. This evidence also tended to show that the defendant here received other articles of stolen property for which he was not being prosecuted in this particular case. Under all the facts and circumstances in this case, this evidence was admissible as a part of the res gestae of the particular crime since this evidence was closely intertwined with the evidence which it was necessary for the State to produce in order to prove the guilt of the defendant. *Childers* v. *State*, 100 *Ga. App.* 250 (110 S. E. 2d 703), and cits. Furthermore, the defendant in his cross-examination of these witnesses, brought out the same matters and in fact enlarged and extended the evidence with relation to other crimes. Under these circumstances, he cannot complain of the admission of this evidence and, accordingly, the trial court did not err in overruling the third special ground of the motion for new trial.

4. The evidence, the nature of which is sufficiently indicated in the foregoing headnotes, amply supported the verdict of guilty.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

J. B. Headrick, Stafford R. Brooke, for plaintiff in error.

R. F. Chance, Solicitor-General, contra.

TOWNSEND, Judge, concurring specially. 1. While the charge in the language of the Code as to what constitutes an accessory after the fact, including one who harbors, assists or protects the person charged with the crime, might taken by itself, have misled the jury to believe that evidence that the defendant allowed the principal thief Biddy to stay at his house two days, knowing he was an escapee, was sufficient to sustain a conviction as an accessory after the fact without regard to the allegations of the indictment charging the defendant only with receiving stolen goods, nevertheless, this charge was immediately followed by the sentence: "Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods, and this knowledge on the part of the accused must be proved to warrant a conviction at your hands." This and other instructions so limited the case to the allegations of the indictment that the jury could not reasonably have received any other meaning from the charge as a whole.

2. The complaint in ground 3 is that evidence by Biddy of other burglaries and thefts by him, not connected with the property the defendant was accused of receiving, violates the "other criminal transactions" rule. I do not think this testimony was admissible as a part of the res gestae of the particular crime for which the defendant was on trial, as stated in the majority opinion. However, neither do I think the admission of such evidence violated the "other crimes" rule as to the defendant on trial, for it showed no participation by him in the other larcenies to which Biddy confessed and was in no way prejudicial to him and did not tend to put his character in issue. The evidence was doubtless admissible because, as stated in the majority opinion, the testimony of Biddy himself involved his own actions and the evidence was thus "closely intertwined with the evidence which it was necessary for the State to produce in order to prove the guilt of the defendant."