44776.   FOMBY v. THE STATE.
44777.   WHITE v. THE STATE.

BELL, Chief Judge. Defendants were convicted of operating a lottery for the hazarding of money. Both cases raise on appeal the same issue, the overruling of a motion to suppress evidence of lottery paraphernalia seized from the defendants. The warrant in the Fomby case described the person and place to be searched as "John Doe @ Blue" and "on or about his person or auto (or truck) in the vicinity of Magnolia and Sunset, vehicle being either a green pickup truck or a blue and white Ford." In the White case, the warrant gave the description of the person as John Doe and "on or about his person in the vicinity of Simpson Rd. and Chappel Rd." The warrants were issued on affidavits which contained a physical description of the individuals. The sworn affidavits were based on information from a reliable informant and on prior personal observation of the respective officers. The officers making the affidavits conducted the search under the warrants. Both warrants were directed for execution to all peace officers of the State in compliance with *Code Ann.* § 27-305. It was stipulated that the evidence against the defendants was obtained by the execution of the warrants and not pursuant to a lawful arrest.

Defendants contend that the warrants contain an insufficient description of the persons and places to be searched and therefore are general warrants. Argument is also made that directing the execution of the warrants to all peace officers compounded the general nature of the warrants as it authorized the execution by an officer who did not have the personal knowledge of the officers obtaining them as there would be many persons and automobiles fitting the description at the respective localities and any other police officer could search at random.

The descriptions in these cases were specific enough to meet the requirements of the United States and Georgia Constitutions. The searches were limited in their scope to physically described persons in a specific vicinity. It is enough if the description sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty. *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255); Steele v. United States, 267 U. S.

498, 503 (45 SC 414, 69 LE 757). The trial court did not err in overruling the motions to suppress the evidence.

*Judgments affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 10, 1969—REHEARING DENIED SEPTEMBER 24, 1969—

*Charles R. Smith,* for appellants.

*Hinson McAuliffe, Solicitor, James L. Webb, Thomas E. Moran, Frank A. Bowers,* for appellee.