46207.   GARNER v. THE STATE.

ARGUED MAY 4, 1971—DECIDED JUNE 4, 1971.

34

*Hobart M. Hind,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.

Deen, Judge. We agree with the defendant that the "place to be searched" is an unidentified room in one of two motels, and that

there are a total of 111 rooms to which this description might possibly refer.

A premises description is sufficient if on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262) and cit. In *Adams,* even though the street number was incorrectly shown, the apartment complex, building, apartment and tenant were given in such manner that the total description could refer to only one apartment and did that with specificity. In *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585), the person to be searched and his automobiles were specifically described and the "vicinity" where the cars might be. An automobile, of course, has somewhat greater mobility than a motel room. In *Steele v. State,* 118 Ga. App. 433 (164 SE2d 255) the search was limited to the defendant's home. *Fomby* does contain an alternative, in that either of two automobiles is described in connection with the defendant and its inference is that either might be apprehended and searched *provided it was in the defendant's possession.* This might appear to give Georgia a slightly broader rule than Texas, where in Wood v. State, 243 S. W. 2d 31 (Tex. Cr.) it was held that certain premises properly described but characterized as under the control of the defendant "and/or" another person was void, but on analysis both cases agree in demanding that the person in control of the place to be searched must be specifically identified. (We are not dealing here with questions that arise in John Doe warrants.) "The writ should not leave the place to be searched to the discretion of the officer." 47 AmJur 522, 523, Searches and Seizures, § 35; People v. Two Roulette Wheels and Tables, 326 Ill. App. 143 (61 NE2d 277). Where the name of the owner or occupant is not given, the description of the premises must be exact. Story v. State, 74 Okla. Cr. 337 (126 P2d 103). The rule in such a case is generally accepted to be that the identification of a subunit or multi-unit premises may be made by name of the occupant. See 11 ALR3d 1340, Anno. § 5. In the annotated case (People v. Estrada, 234 Cal. App. 2d 136 (44 Cal Rptr. 165, 11 ALR3d 1307) it is pointed out that Shore v. United States, 49 F2d 519, and Kenney v. United States, 157 F2d 442, both "upheld search warrants which, while giving the address of the entire

premises involved, contained qualifying language limiting the search to that portion occupied by a particular person." This is also true of United States v. Wihinier, 284 F. 528.

Which of the possible 111 rooms involved here is meant to be searched is indicated only by the statement that it is to be registered in the name of Adell Williams. Neither room was in fact registered in the name of Williams, but in that of Thomas, whose name appears in neither affidavit nor warrant. That ground of the written motion to suppress complaining that the warrant lacked the requisite particularity as to the premises to be searched was well taken, and the warrant was void.

It cannot be stated too often that a void search warrant cannot be validated and property illegally seized introduced in evidence merely because the officers were in fact reliably informed and did in fact recover contraband. "Nor can the deficiency be supplied by facts discovered in making the search, for the sufficiency of the affidavit must be determined as of the time the warrant issued. " *Burns v. State,* 119 Ga. App. 678, 684 (168 SE2d 786); *Wood v. State,* 118 Ga. App. 477, 478 (164 SE2d 233). Evidence obtained under a void warrant is evidence illegally obtained and it has been settled once and for all that the taint of illegal procurement forbids its use as evidence.

In the present case the evidence sought to be admitted was found in the defendant's suitcase (whether open or closed, locked or unlocked, does not appear) in a room in which neither Williams nor the defendant was present at the time. The defendant was in no manner referred to in the affidavit or warrant. He had a constitutional right to the privacy of his belongings in the motel room until and unless the officers entered and searched that room in a legally justifiable manner. The motion to suppress should have been granted.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*