46100. BELL v. THE STATE.

QUILLIAN, Judge. Henry Bell was indicted for the offense of possessing nontax-paid liquors. He filed a motion to suppress evidence obtained by a search warrant upon the grounds that the issuance of such warrant was not based upon probable cause and that the warrant directed a search of 283 Rock Springs in Athens, but that the search was carried out at 293 South Rock Springs. After a hearing the defendant's motion to suppress was overruled. The case then came on for trial, at which time the defendant was found guilty. The defendant appeals from the judgment of conviction and enumerates as error the overruling of his motion to suppress. *Held:*

The evidence adduced on the motion to suppress showed that the officers searched the premises at "293˙ Rock Springs Avenue" although the search warrant provided that tangible evidence consisting of nontax-paid liquor "is presently concealed on the person of the named accused and on the premises located at 283 South Rock Springs." The defendant himself stated he lived

at 293 Rock Springs—whether North or South he didn't know. One of the officers who conducted the search testified he did observe the premises prior to the search.

As to a search warrant, "It is enough if the description sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty." *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585). See *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255). "Where the premises sought to be searched are described by street and number, such a description will not authorize a search of premises of another street or number." 79 CJS 886, 894, Searches and Seizures, § 81. "It has been held that the fact that the officers executing the warrant knew certain facts about the place to be searched which were omitted from the warrant and which were essential to a proper description will not supply such omission in the warrant." Id., p. 891.

In *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262), this court upheld the validity of a search warrant although the street number was incorrectly shown. However, the apartment complex, the building, the apartment and the tenant of such apartment were all specifically described so that the description in toto could refer to only one particular apartment. Here there is no description other than the street address. As pointed out in the recent case of *Garner v. State,* 124 Ga. App. 33: "The writ should not leave the place to be searched to the discretion of the officer . . . Where the name of the owner or occupant is not given, the description of the premises must be exact." The place searched not being the same as the premises described in the warrant, the trial judge erred in overruling the motion to suppress. This renders all matters occurring subsequently thereto nugatory.

*Judgment reversed. Evans, J., concurs. Jordan, P. J., concurs in the judgment only.*

Submitted April 7, 1971—Decided June 25, 1971.

*Guy B. Scott, Jr.,* for appellant.
*William T. Gerard, Solicitor,* for appellee.