## 50784. DURRETT v. THE STATE.

QUILLIAN, Judge.

The accused was indicted for possession of marijuana in violation of the Georgia Controlled Substance Act (Code Ann. Ch. 79A-8; Ga. L. 1974, pp. 221, 223 et seq.). His demurrer to the indictment and motion to suppress certain evidence obtained under a search warrant were overruled. A certificate of immediate review as to each order was entered below and appeal was taken to this court. *Held:*

1. The accused argues that the indictment was insufficient since it alleged possession of marijuana instead of Cannabis Sativa L. Such contention is without merit. *Allen v. State,* 120 Ga. App. 533 (171 SE2d 380); *Manis v. State,* 135 Ga. App. 71 (217 SE2d 396), and cits.

2. The arrest warrant described the premises thusly: "at a green house known as 401 Gordan Street, in the city of Hartwell, Georgia." We assume that this designates the location that was searched. However, the affidavit which was the basis of the search warrant described the premises to be searched as follows: "a house at the Southeast intersection at College Avenue with Gordon Street, in Hartwell, Georgia, said house being green in color." The testimony of the officer who subscribed the

affidavit was that the green house was on the "northeast corner" of the described intersection. This was the only green house at the intersection, although there was a store building at the southeast intersection of College Avenue and Gordon Streets which according to the statement of the district attorney is "two story . . . a wooden structure above the bricks painted green."

"It is enough if the description [of the premises] sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty." *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585), and cits. *Adams v. State,* 123 Ga. App. 206 (180 SE2d 262). " 'The writ should not leave the place to be searched to the discretion of the officer'. ... Where the name of the owner or occupant is not given, the description of the premises must be exact." *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902). "The description in the warrant must leave the officer in no doubt, and must fully direct him as to the particular premises on which he is to execute his warrant, and must be so exact as to prevent him from searching the premises of one person under a warrant directed against those of another. The description will be sufficient if it enables the officer to locate the premises without the aid of other information." 79 CJS 876, Searches and Seizures, § 75. "Accordingly, it has been said that a search warrant should be read as a whole, and any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it, satisfies the constitutional requirement. On the other hand, the requisite definiteness for the description of property to be searched cannot be satisfied if the description is so indefinite that under the authority of the warrant an officer can exercise a selective discretion in determining where he will search, or can invade the property of strangers through the process and disturb their peace and tranquility." 68 AmJur2d 728, Searches and Seizures, § 74. Briefly stated, "to be valid a search warrant must contain a description of the person and premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with

reasonable certainty, without depending upon his discretion." *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171).

The magistrate has no right to issue a warrant to search a place not mentioned in the affidavit. 79 CJS 875, Searches and Seizures, § 75. The place searched must be the same as the premises described in the warrant. See *Bell v. State,* 124 Ga. App. 139, 140 (182 SE2d 901), where it was also held: "the fact that the officers executing the warrant knew certain facts about the place to be searched which were omitted from the warrant and which were essential to a proper description will not supply such omission in the warrant."

Applying these rules to the instant case we are constrained to find that the motion to suppress should have been sustained. Upon re-examination and careful consideration, we conclude that the affidavit lacked the requisite particularity and certainty and that an executing officer would have to exercise forbidden discretion in order to determine which premises to search.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED JUNE 25, 1975 — DECIDED OCTOBER 10, 1975.

*William O. Carter,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.