32975, 32976. ALLEN v. THE STATE; and vice versa.
32977, 32978. SHAW v. THE STATE; and vice versa.

NICHOLS, Chief Justice.

Both appellants were arrested on criminal warrants issued by a justice of the peace. In the *Allen* case, the commitment hearing was held by another justice of the peace. In the *Shaw* case, four separate arrest warrants were issued, and the commitment hearing was held by a justice of the peace who issued one of the warrants.

Both appellants filed motions to dismiss and to nolle prosequi the arrest warrants against them, alleging that the justice of the peace system is unconstitutional under Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977), in that the financial welfare of a justice of the peace is enhanced by positive action and not by negative action.

After hearing evidence, the trial court found that under the 1977 Act (Ga. L. 1977, pp. 196, 197), a justice of the peace is a "neutral and detached magistrate," in compliance with Connally, supra, inasmuch as he receives by statute the same fee whether he grants or denies the application for the arrest warrant. The appellants except to this ruling.

The trial court also found that after the initial issuance of an arrest warrant, a justice of the peace cannot constitutionally hold subsequent preliminary commitment hearings since his financial welfare is enhanced by positive action and not by negative action. The state cross appeals from this ruling.

Main Appeal

1. The first three enumerations of error contend that the entire justice of the peace system in Georgia is

unconstitutional due to the handling of criminal procedures at critical stages under a fee system by nonlawyer, nonsalaried people. Since there is no state or federal constitutional or statutory requirement that a justice of the peace be a member of the bar, or that he be employed on salary, this contention has no merit.

There is nothing inherently unconstitutional in a fee system. It is unconstitutional only when compensation is paid for a positive act and no remuneration, or less remuneration, is paid for a negative act. Under the present fee system a justice of the peace receives the same remuneration whether he acts positively or negatively. There is no merit in these enumerations of error.

2. The fourth, fifth and sixth enumerations of error contend the warrant was fatally defective for failure of execution to appear thereon because the title "Judge, Small Claims Court" appeared on the printed form used for the warrant and because the trial court erred in overruling the motions to dismiss. No contention is made that appellants were not, in fact, informed of the charges against them, on whose affidavit the warrant was issued, or of the authority of the officer executing the warrant. The failure to enter execution on an arrest warrant is not required by statute; thus, there is no merit in this enumeration of error.

The failure to strike an erroneous title appearing on the printed form when the record shows the authority of the person issuing the warrant would not invalidate the warrant. There is no merit in these enumerations of error, and the trial court did not err in denying the motions to dismiss.

### Cross Appeal

3. The state appeals from that part of the order holding that any proceedings held by a justice of the peace after issuance of an arrest warrant are unconstitutional and illegal. A justice of the peace is paid a fee for holding a commitment hearing, and the disposition of the case has no relationship to the fee. The defendants have contended that Connally, supra, is violated in that the justice of the peace receives a fee to subpoena and to question witnesses. Those fees are not within the control of the justice of the peace; rather, they result from the number of

witnesses called by the defendant and the prosecutor. There is no assurance that once an arrest warrant is issued, the same justice of the peace will hold a commitment hearing, because a valid arrest warrant must be returnable before any officer authorized to hold a commitment hearing.

The trial court erred in holding that a justice of the peace is not a neutral and detached magistrate and in declaring unconstitutional the commitment hearings held by the justices of the peace.

*Judgments on main appeal affirmed; reversed on cross appeals. All the Justices concur, except Hall and Hill, JJ., who dissent to the reversal on cross appeal.*

SUBMITTED NOVEMBER 11, 1977 — DECIDED JANUARY 20, 1978.

*Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr.,* for Allen and Shaw.

*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney, Donald Huskins,* for the State.