## 55660. MERCER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of theft by receiving. *Held:*

1. It is alleged that the search warrant for defendant's home did not have the correct description and would not have allowed a reasonably prudent officer to locate the proper premises. We disagree. The address on the warrant was 3157 Cardinal Place, Apt. A & B. The police arrested two burglars who confessed to numerous burglaries committed in Georgia. One of the burglars took the police to the defendant's home, pointed it out, and stated that was where they sold the burglarized property. The house was located on the corner of Cardinal Place and Westover Drive. It was a duplex, with two entrances — one to Apartment A and the other to Apartment B. Both doors faced Cardinal Place and Apartment A had the number 3157 beside it.

To be valid, a search warrant must contain a description of the person and premises to be searched with such particularity as would enable a prudent person executing the warrant to locate the person and premises definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585), U. S. cert. den. 397 U. S. 1008. The writ should not leave the executing officer in doubt or require him to exercise his discretion. *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902). It will be deemed sufficient if the information permits the officer to locate the premises without the aid of other information. *Durrett v. State,* 136 Ga. App. 114, 115 (220 SE2d 92). This

warrant passes even the closest scrutiny. We find no error.

2. The second enumerated error was that the trial court erred in admitting evidence and testimony regarding physical evidence seized during an unlawful search of the premises. First, there was no unlawful search of defendant's premises. Secondly, the defendant testified that he ran a "TV repair business." He admitted that he did accept one item from the burglar in pawn. He never gave receipts to anyone. He stated that the other items found in his home "were left to be fixed... I fix clocks too and record players, anything like that." He stated that he told one of the state's witnesses that the item they left was "no good." The burglar then showed him that a fuse needed replacing. The return on the warrant showed such items as stereo tapes, antenna rotors, tool box — with tools, skilsaw, electric drill, solder gun, 11 dress shirts, toilet bowl, and numerous stereo speakers, turntables, radios, amplifiers, and TV sets. Evidence of possession, and testimony that some of these items were subsequently returned to police in other counties because they were taken from there, was relevant to show guilty knowledge and intent. *Howard v. State,* 144 Ga. App. 208, 212 (240 SE2d 908). See also *Franklin v. State,* 100 Ga. App. 667, 668 (112 SE2d 214). This enumeration is without merit.

3. The third enumerated error addressed the failure of the trial court "to sustain the appellant's objections to the admittance of testimony regarding other crimes with which the appellant was not charged." However, on appeal counsel added that "it was error for the trial court to fail to so instruct and charge the jury" that such evidence or conduct was admissible only for a limited purpose.

As to the first portion of this enumeration — as argued in the brief, we found no error in admission in evidence of the goods found in defendant's apartment in Division 2 above. As to the latter argument, contained only in the brief, this is not error enumerated on appeal and cannot be considered for the first time on appeal. *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675). However, we must note that counsel enumerated 7 errors but his brief contains only 4 sections. Further, in a

supplemental brief he stated that "section three of the appellant's original argument and citation of authority refers to the same evidence which was discussed in section two thereof."

The argument made in the original brief in section two dealt with the second enumeration of error, but there was a passing reference to Exhibits 6, 7 and 8. Those exhibits were the basis for enumerated errors 4 and 5. A mere recital in the brief of a claimed error without support argument and citation of authority is insufficient to save it from being treated as abandoned. *Schmid v. State,* 226 Ga. 70, 71 (172 SE2d 616). Therefore, we will treat enumerations of error 4 and 5 as abandoned.

If, as stated in the supplemental brief, paragraph 3 refers to the evidence in paragraph 2, we are left in a further quandary, because paragraph 3 is the only place where enumeration of error 6 is mentioned.

Enumeration of error 6 argues that the court erred in failing to give a limiting instruction on the purpose of admission of "other crimes." The trial court did give a limiting instruction and if counsel desired further instruction he should have requested it. Our Supreme Court has stated that "where a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him." *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859).

We find no merit in enumerations of error 3, 4, 5, and 6, for the reasons stated above.

4. Appellate counsel for defendant alleges that defendant's trial counsel was "negligent and incompetent," thus ineffective. Our Supreme Court has adopted the "reasonably effective" counsel standard of McMann v. Richardson, 397 U. S. 759 (90 SC 1441, 25 LE2d 763), and examination of the record has satisfied us that counsel's conduct meets the criteria expressed in *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). See also *Sutton v. State,* 238 Ga. 336, 337 (232 SE2d 569); *Durham v. State,* 239 Ga. 697, 701 (238 SE2d 334). This enumeration is without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED APRIL 5, 1978 — DECIDED JUNE 6, 1978.

G. F. Peterman, III, for appellant.
W. Don Thompson, District Attorney, Graham Thorpe, Thomas J. Matthews, Assistant District Attorneys, for appellee.