## 59894. ANDERSON v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). We reverse.

Appellant submits as error the denial of his motion to suppress the contraband obtained during a search of his house. Defendant maintains that the warrant upon which the search was based was legally deficient in that it failed to describe his premises with sufficient particularity. We agree.

The warrant in question was issued to search the premises of one "Johnny Minchey." The warrant described the location of the house, in pertinent part, as follows: the "house and premises of Minchey will be the redwood stained residence just off the public rd. to the right with white rail fence around grounds. House is wood framed and on the south side of said county dirt rd. off in field next to pond."

The evidence presented at trial showed that at approximately the same location as described in the warrant ("Proceed South of Sylvania on Ga. 73 aprox. 8 1/2 miles — Turn left on the county dirt rd. . . Proceed aprox. 1 mile on said rd."), there were two houses generally matching the above description, one belonging to defendant-Anderson, whose mailbox had the number "47" on it; the other to a Mr. Minchey, whose name appeared on his mailbox. The evidence showed that the houses were adjacent, that both adjoined the pond, and that both were surrounded by connecting rail fences.

"To be valid, a search warrant must contain a description of the person and premises to be searched with such particularity as would enable a prudent person executing the warrant to locate the person and premises definitely and with reasonable certainty. [Cit.] The writ should not leave the executing officer in doubt or require him to

exercise his discretion. [Cit.]" *Mercer v. State,* 146 Ga. App. 143 (1) (245 SE2d 492). Indeed, it has been held that "[w]here the name of the owner or occupant is not given [here, the name Anderson was not on the warrant] the description of the premises must be exact." *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902).

In view of the similarity between the two houses, it is evident that the lack of particularity in the warrant (which did not set forth facts upon which the officer with reasonable certainty could have determined that the premises to be searched were those of Anderson, and not Minchey) required the investigating officer to exercise his discretion in selecting which of the two houses was described in the warrant. That being true, we have no recourse but to find the warrant legally deficient. See *Garner,* supra. Thus while it appears that the warrant may have been valid had it been executed on Minchey's premises (in view of the fact that Minchey's mailbox carrying his name differentiated his house from that of Anderson's) we must agree that it was invalid as applied to Anderson. The same result would have been required even if there had been no mailbox with Minchey's name because, as stated above, in that case there would be nothing at all to differentiate between the two houses.

It is argued that because the officer knew that Minchey had been "raided that morning," he knew with reasonable certainty that it was not Minchey's house described in the search warrant.

"It cannot be stated too often that a void search warrant cannot be validated and property illegally seized introduced in evidence merely because the officers were in fact reliably informed and did in fact recover contraband. 'Nor can the deficiency be supplied by facts discovered in making the search, *for the sufficiency of the affidavit must be determined as of the time the warrant issued.'* [Cits.] Evidence obtained under a void warrant is evidence illegally obtained and it has been settled once and for all that the taint of illegal procurement forbids its use as evidence." *Garner,* supra, p. 36. (Emphasis supplied.) The trial court therefore erred in denying defendant's motion to suppress.

Since we are reversing the trial court's judgment for the reason stated above, we need not address appellant's remaining enumeration of error.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED MAY 12, 1980 — DECIDED
JUNE 19, 1980.

*Alexander L. Zipperer, III,* for appellant.
*J. Lane Johnston, District Attorney, William F. Todd, Jr.,*

*Assistant District Attorney,* for appellee.