## 62924. THE STATE v. HATCH.

QUILLIAN, Chief Judge.

The State appeals from the grant of defendant's motion to suppress certain evidence obtained as a result of a search conducted under a certain search warrant.

As set forth in the judgment, the basis for sustaining the motion to suppress was that "the address on the search warrant did not contain a description of the premises to be searched with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty. Further, the Court finds that failure to have the name of the owner or occupant on the warrant, required that the description of the premises to be exact. For these reasons, the search warrant was invalid and the ensuing search improper."

Here the affidavit and the warrant did not name or designate the owner or occupant of the premises but only described such premises as "2879 Chelsey Tr., Riverdale, Clayton County, Ga." It appeared on

the hearing of the motion to suppress that the premises searched was "2870 Chelsey Trail, Jonesboro, Clayton County, Georgia."

The officer whose affidavit formed the basis for the search admitted that "Jonesboro" rather than "Riverdale" was the correct address. He stated that prior to obtaining the warrant he placed the premises under surveillance; that through mistake he listed the premises as being in "Riverdale" rather than "Jonesboro." He also testified that there is "no other Chelsey Trail" located within Clayton County.

The defendant in her testimony during the hearing at first gave her address as "2870 Chelsey Trail, Riverdale" but corrected this to "Jonesboro." She was unable to state whether "2870 Chelsey Trail" was within the city limits of "Jonesboro," but did affirm "it's a Jonesboro mailing address."

At the close of the hearing the trial judge recited orally the grounds for his judgment: "The Court takes judicial notice that Riverdale and Jonesboro are several miles apart. That a reasonable and prudent officer, given this warrant, would never be able to locate Chelsey Trail in Riverdale, Clayton County, Georgia." *Held:*

"To be valid, a search warrant must contain a description of the person and premises to be searched with such particularity as would enable a prudent person executing the warrant to locate the person and premises definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585), U. S. cert. den. 397 U. S. 1008. The writ should not leave the executing officer in doubt or require him to exercise his discretion. *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902). It will be deemed sufficient if the information permits the officer to locate the premises without the aid of other information. *Durrett v. State,* 136 Ga. App. 114, 115 (220 SE2d 92)." *Mercer v. State,* 146 Ga. App. 143 (1) (245 SE2d 492). However, "[w]here the name of the owner or occupant is not given, the description of the premises must be exact." *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902). Accord *Bell v. State,* 124 Ga. App. 139, 140 (182 SE2d 901); *Durrett v. State,* 136 Ga. App. 114, 115 (220 SE2d 92); *Anderson v. State,* 155 Ga. App. 25, 26 (270 SE2d 263).

Since description here was not exact in that the two towns were located some distance apart the trial judge's determination was not erroneous.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 13, 1981.

*Robert E. Keller, District Attorney, Steven E. Lister, Assistant District Attorney,* for appellant.

*Jerry L. Patrick, Jr.,* for appellee.