## 65802. MARTIN v. THE STATE.

McMurray, Presiding Judge.

Defendant (along with others) was indicted for the offense of violation of the Georgia Controlled Substances Act in six counts, in that they did possess (1) methaqualone, (2) cocaine, (3) diazepam, (4) amphetamine, (5) lysergic acid diethylamide (LSD), and (6) marijuana. This defendant and another were convicted and the others were found not guilty. Defendant appeals, enumerating error in the denial of his motion to suppress evidence illegally seized and the refusal of the trial court to consider the merits of a motion to recuse. *Held:*

1. The motion to suppress is not meritorious. Defendant contends that the information provided in an affidavit and a search warrant issued was insufficient to set out with exactitude a description of the premises to be searched. The residence to be searched was described as one with brown siding with a tin roof, located in Hall County, Georgia, as per an attached map or schematic drawing not drawn to scale. The premises were to be located by traveling west on Georgia Highway 136, turn left "on to Petes Drive" (south) as shown on the drawing, "travel to where the road makes a Y keep right, residence will be the third residence on the left past the Y." An "old chicken house" will be "on the left before the residence."

At the hearing there was conflicting testimony as to whether or not the dwelling was the second or third house on the left. However, the trial court did not abuse its discretion in holding, in substance, that the search warrant could be served; that is, the officer could "ascertain and identify the place intended." *Steele v. State,* 118 Ga. App. 433, 434 (3b) (164 SE2d 255). See also *Bell v. State,* 124 Ga. App. 139 (182 SE2d 901); *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *Megar v. State,* 144 Ga. App. 564 (1) (241 SE2d 447).

Defendant makes argument and discussion as to the failure of the police to knock and give verbal notice of their authority and purpose of execution of the search warrant. However, this may be

excused where the police have reasonable grounds to believe that forewarning would either greatly increase their peril or lead to the immediate destruction of the evidence. See *Scull v. State,* 122 Ga. App. 696 (178 SE2d 720). Compare *Barclay v. State,* 142 Ga. App. 657, 658 (236 SE2d 901). The evidence here showed the need for immediate entry to prevent the destruction of the contraband.

2. The motion to recuse is based upon a claim of personal bias and prejudice against the defendant when the trial court refused to accept a guilty plea and recommendation from the District Attorney. In rejecting the plea the trial court expressed dissatisfaction with the recommendation. As stated in the affidavit of the counsel for the defendant, the court "indicated that he [the trial judge] was personally familiar with the Defendant . . . then waved from the bench a sheaf of papers . . . and volunteered to inform counsel of what sentence would be imposed should the Defendant be convicted [and] announced his intention to give the Defendant the maximum punishment on every count." The affiant stated therein merely that he "feels" the trial court was personally biased and prejudiced against the defendant. We note first that the claim as to recusal has no bearing whatsoever upon the trial of the case in which the defendant was convicted, and "the maximum punishment on every count" was not imposed. But the test as set forth in *State v. Fleming,* 245 Ga. 700, 702, 703 (267 SE2d 207) has not been met, as the affidavit was insufficient to support the motion to recuse. The trial court did not err in denying the motion.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 11, 1983.

*M. Lynn Young, Hulon Murray,* for appellant.
*Jeff C. Wayne, District Attorney, Donna F. Irvin, Assistant District Attorney,* for appellee.