## 65702. MARTIN v. THE STATE.

DEEN, Presiding Judge.

Benjamin Terry Martin was convicted of one count of possession of articles with altered serial numbers and acquitted of the two remaining counts. He appeals, contending the description of the location of the residence contained in the search warrant was legally insufficient, that it was error to deny his motion to suppress as the state did not meet its burden of proof to justify the seizure of the items for which he was indicted, and that it was error to deny his motion for a mistrial.

1. The search warrant was legally sufficient. The location of the defendant's residence was described: "by travelling west on Ga. Hwy. 136 turn left onto Petes Drive, travel to where the road makes a 'Y,' keep right, residence will be the third residence on the left past the 'Y.' The residence will have brown siding with a tin roof. There will be an old chicken house on the left before the residence. Residence

located in Hall County, Georgia. See attached map." The map clearly shows the residence to be the third building on the left after the fork, with a chicken house to the left of the residence. Defendant's argument that one of the buildings is uninhabited and does not qualify as a residence as described in the warrant is meritless because the defendant's residence is clearly described as the one with a tin roof and brown siding next to the chicken house. It is therefore easily located by the description and the map. The total description could refer only to one residence and permitted a prudent officer to locate the place definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585) (1969); *Bell v. State,* 124 Ga. App. 139 (182 SE2d 901) (1971).

2. Although the search warrant authorized a search for cocaine and illegal drugs were found on the premises, the defendant was indicted for possession of articles with altered serial numbers. The items were an AM-FM radio, which did not have an identification plate and was found in a shed; a Realistic four-channel scanner, found in the kitchen, which had neither an identification plate nor a sticker; and a miter box with a defaced serial number, which was found in plain view by the front door. The defendant was convicted only on the count referring to the miter box and sentenced to serve five years in confinement.

Under OCGA § 16-9-70 (a) (Code Ann. § 26-1506): "A person commits the offense of criminal use of an article with an altered identification mark when he buys, sells, receives, disposes of, conceals, or has in his possession a radio, . . . or any other mechanical or electrical device, appliance, contrivance . . . or piece of apparatus or equipment other than a motor vehicle . . . from which he knows the manufacturer's name plate, serial number, or any other distinguishing number or identification mark has been removed for the purpose of concealing or destroying the identity of the article."

When a police officer is executing a search warrant, he may seize not only items related to the crime with which the search is made, but items related to other crimes without prior enumeration in warrant. *Butler v. State,* 130 Ga. App. 469 (203 SE2d 558) (1973). *Dugan v. State,* 130 Ga. App. 527 (203 SE2d 722) (1974). The officer is not required to know that the goods are stolen property at the time they are seized. It is sufficient if he has probable cause to believe that they are stolen. *Campbell v. State,* 226 Ga. 883 (178 SE2d 257) (1970). In the present case, the missing and altered or defaced serial numbers were sufficient probable cause.

3. The evidence does not support the grant of a mistrial. During examination of the defendant's mother-in-law, defense counsel raised the issue of whether certain items seized by the police were

returned to her. On cross-examination, the prosecuting attorney merely inquired further as to specific items not mentioned by defense counsel. At no time did anyone suggest that the items might be stolen. Indeed, the return of the items would imply that they were not stolen property, and we find no prejudice resulted from this line of cross-examination.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 16, 1983.

*Daniel J. Sammons,* for appellant.
*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.