## 65743. ANDERSON v. THE STATE.

CARLEY, Judge.

Appellant was convicted of six counts of violating the Georgia Controlled Substances Act. He appeals from the judgments of conviction entered on the jury verdict and the sentences imposed by the court.

1. The denial of appellant's motion to suppress is enumerated as error on several grounds. It is first urged that the warrant was deficient and incorrect as to its description of the premises to be searched. The search warrant in the instant case is that held to be sufficient as against this contention in the prior appeals of appellant's co-defendant. *Martin v. State,* 165 Ga. App. 760 (302 SE2d 614) (1983); *Martin v. State,* 165 Ga. App. 802 (302 SE2d 717) (1983). Accordingly, this appellant's contention is also without merit.

Citing Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977), appellant also asserts that the warrant was not issued by a neutral and detached magistrate. The argument is that a magistrate who, in the event a search warrant is issued, might possibly receive additional compensation in the form of a fee for holding a subsequent committal hearing is not "neutral and detached" in the initial

decision to issue the warrant. This argument is without merit. *Allen v. State,* 240 Ga. 567, 568 (3) (242 SE2d 61) (1978).

Appellant also contends that the officers executing the warrant used excessive force in so doing. This contention is likewise controlled adversely to appellant by *Martin v. State,* 165 Ga. App. 760, supra.

The trial court did not erroneously deny appellant's motion to suppress.

2. Appellant enumerates as error the admission into evidence of two state exhibits over his "chain of custody" objection. Both exhibits were samples of the drugs seized in the execution of the search warrant. "Appellant has produced no evidence to show substitution of or tampering with the evidence. He relies solely on the discrepancy in testimony as to who gave the [drugs] to the contraband officer. However, it is clear from the record that the [drugs] [were] in the custody of the law enforcement officers at all times until taken to the State Crime Lab. Thus, the State has shown with 'reasonable certainty' that the [drugs] offered into evidence [are] the same as [those] which [were] seized." *Anderson v. State,* 247 Ga. 397, 399 (276 SE2d 603) (1981). This enumeration is without merit.

3. Appellant concedes that the evidence that he was actively attempting to dispose of methaqualone by flushing it down the toilet authorizes his conviction as to that count of the indictment. However, appellant attacks the sufficiency of the evidence to support the remaining five convictions for possession of other controlled substances. The argument is that as to these five convictions the "equal access" rule would be applicable. " 'Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' [Cit.] Presence at the scene of a crime and nothing more will not support a conviction. [Cit.]" *Blankenship v. State,* 135 Ga. App. 482, 483 (218 SE2d 157) (1975).

"[A] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint." *Thomas v. State,* 153 Ga. App. 686, 689 (266 SE2d 335) (1980). The evidence in the instant case would authorize a finding that appellant

and his co-defendant were in joint constructive possession of the drugs in the bedroom that they were apparently sharing and in which the contraband was found. See generally *Allums v. State,* 161 Ga. App. 842, 844 (3) (288 SE2d 783) (1982); *Davidson v. State,* 156 Ga. App. 457, 458 (1) (274 SE2d 807) (1980); *Tamez v. State,* 148 Ga. App. 307 (251 SE2d 159) (1978); *Sheppard v. State,* 138 Ga. App. 597 (226 SE2d 744) (1976); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 3, 1983.

*Troy R. Millikan,* for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Donna F. Irvin, Assistant District Attorneys,* for appellee.