**Mary L. DOSS, et al, Plaintiffs,**

v.

**James H. LONG, et al, Defendants.**

**Civ. A. No. C81–229R.**

United States District Court,
N.D. Georgia,
Rome Division.

Aug. 23, 1985.

Gloria Einstein, Ga. Legal Service, Waycross, Ga., David Webster, Emory Law Sch., Atlanta, Ga., Gary Leshaw, Decatur, Ga., John Riemer, Dalton, Ga., Robert Remar, Douglasville, Ga., William J. Cobb & John L. Cromartie, Jr., Atlanta, Ga., for plaintiffs.

Sam F. Little, Little & Adams, Dalton, Ga., John L. Tracy, Albany, Ga., Frank P. Samford, III, Moore, Samford & Moore, Atlanta, Ga., M. C. Pritchard, Waycross, Ga., Larry D. Woods, Nashville, Tenn., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case has been before this Court since September of 1981. It involves an action challenging the fee system for compensating inferior court judges in Georgia. Until recently, justices of the peace and almost all small claims court judges received no salary and relied for all their judicial income on the fees paid by litigants before them. Plaintiffs challenged this system claiming that it violated the due process guarantee of impartial adjudication due to the pecuniary interest created by the fee system. Plaintiffs sought declaratory and injunctive relief for themselves and a class of persons similarly situated, against the class of fee-paid judges.

This Court certified the case as a bilateral class action on December 17, 1981. 93 F.R.D. 112 (N.D.Ga.1981). The plaintiff class was certified to include all those who were then (or would be in the future) defendants in Georgia courts operating under the fee system, and all those who had suffered a judgment in fee system courts and were subject to execution or enforcement of the judgment. The defendant class was certified to include all justices of the peace, and judges of small claims or municipal courts of Georgia with jurisdiction over civil cases whose income was dependent upon case-by-case fees received from the litigants.

In July, 1982, the Georgia Legislature placed the fee-system judges on salary. The Defendant, Georgia Courts of Limited Jurisdiction, moved for dismissal of the case on the grounds of mootness. Because the continued existence and enforceability of judgments previously rendered in the fee-system courts constituted a continuing harm to the plaintiff class, the Court denied the motion to dismiss on August 4, 1982.

In July, 1983, justices of the peace and small-claims court judges were made Magistrates under the new state constitution and implementing legislation. Ga.Const. 1983 Art 6 § 3, para. 1, O.C.G.A. §§ 15–10–1 through 15–10–137. Again, the continued existence and enforceability of prior judgments of the fee-system courts left the case still in need of resolution by this Court.

The Court is guided in its resolution of this case by the decision in *Brown v. Vance*, 637 F.2d 272 (5th Cir.1981). That case is on all fours with this one. In *Brown*, the former Fifth Circuit condemned on due process grounds the Mississippi fee system for compensating justices of the peace. That holding was premised on the Supreme Court decision in *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). There, in striking down a fee system that compensated a judge for each convicted defendant, the Supreme Court set the standard that we use today.

> Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the state and the accused denies the latter due process of law.

*Id.* at 532, 47 S.Ct. at 444.

The *Brown* decision follows *Tumey* and a long line of jurisprudence that exams the problem of bias in a judge; cases from English and American courts which make clear that a system giving a judge a personal stake in the outcome of a case cannot be tolerated. (See cases cited in *Brown* at 637 F.2d at 276). The Georgia fee system was such a system and thus failed the constitutional test of *Tumey* and its progeny.

The clear terms of the *Brown* decision authorize the Court to decide the constitutionality of the former Georgia fee system without any showing of actual bias. However, it should be noted that the plaintiffs have provided, in support of their motion for summary judgment, a large number of documents, many of which are self-authenticating under the Federal Rules of Evidence. These documents show that numerous members of the defendant class had exhibited bias towards the plaintiffs in their courts and that some were clearly functioning as collection agents clothed with judicial power.

Defendant Glenn Pelham argued that the Court should distinguish between former justices of the peace and former small claims court judges, in view of some slight differences in the statutory scheme. These differences have been considered, but they do not alter the effect of the constitutional standard of *Brown v. Vance, supra*. The deposition of defendant Pelham and the statistics supplied by him make clear that the outcome of cases in his court was not different from those of justices of the peace. Thus, there are no grounds for decertifying the class, dividing it into subclasses, or distinguishing between former small claims court judges and former justices of the peace in the decision or relief in this case.

Defendant Pelham has also argued that the members of the plaintiff class who did not contest their cases in the fee-system courts should be excluded. That argument was made by the defendants in the *Brown* case (brief of Defendant-Appellees, page 11, 21), and the Fifth Circuit was unpersuaded. Further, the plaintiffs have shown that the failure to contest a case may in many instances be caused by procedures or attitudes in the fee-system courts that were themselves the result of the fee system. Thus, denying those class members relief would be perpetuating the results of the fee system.

Defendant Pelham further urges the court to deny relief to those members of the class who did not raise the constitutional issue in the Georgia courts. However, that would have been a futility under Georgia Supreme Court rulings. *Allen v. State*, 240 Ga. 567, 242 S.E.2d 61 (1978) and *Connally v. State*, 237 Ga. 203, 227 S.E.2d 352 (1976) *rev'd Connally v. Georgia*, 429 U.S. 245, 97 S.Ct. 546, 50 L.Ed.2d 444 (1977). *See also Ex Parte Baer* 20 F.2d 912 (E.D. Ky.1927).[1]

---

1. One additional question which has been briefed in detail by both parties is the veracity and credibility of named plaintiff Linda Waits. This question has no bearing whatsoever on the constitutional issue, and the court has not heard testimony from either of these parties; however, enough has been submitted in the form of affidavits and lengthy depositions, and enough has

Finally, defendant Pelham argues that this case is moot, a contention already rejected in the Court's order of August 4, 1982, on a motion of the Georgia Courts of Limited Jurisdiction, Inc. The Court decided at that time that "attempted enforcement of a prior judgment now is as much a recurrence of the alleged constitutional violation as when the cases originally were brought in a fee-system court." Order, p. 3.

Having now decided under the guidance of *Brown v. Vance, supra,* that there was a constitutional violation when such cases were originally brought in a fee system court, this Court will give members of the plaintiff class relief from any attempted enforcement of such judgments.

Two years have passed since there has been a fee-system court in Georgia, and there may be few such judgments being collected. Nevertheless, any such judgment was rendered in a proceeding suffering from a "fatal constitutional flaw," in the language of *Brown v. Vance* 637 F.2d at 276. To allow members of the defendant class and their successors to continue to enforce such judgments would be denying the plaintiff class relief to which it is entitled. This is not, of course, a decision on the merits of the claims of the parties to those judgments. It is a constitutional decision about the procedure employed.

ACCORDINGLY, plaintiff's motion for summary judgment is GRANTED, and it is declared that the Georgia fee-system courts, as they existed prior to July 1, 1982, created an unconstitutional pecuniary interest in the fees on the part of the judges of such courts and that judgments of those courts rendered prior to July 1, 1982, were rendered in violation of due process of law. Therefore, members of the defendant class, and their successors in office, including the Chief Magistrates and Associate Magistrates, are RESTRAINED and ENJOINED from making any effort whatsoever to collect or enforce those judgments. Defendant Pelham's requests to change the classes certified by this Court are DENIED.

This relief would be meaningless without notification to the parties. The defendant class, and their successors, must be notified of this Order by mailing a copy to each of them, individually. The cost of notice to members of the defendant class, and their successors, will be borne by the defendants. Members of the plaintiff class are numerous and less identifiable. They may be informed by placement of a conspicuous placard in the office of every defendant class member, in the Courthouse of every County, and in the offices of other public agencies where members of the plaintiff class are likely to be found. Plaintiff's may control the written form of these notices. Plaintiff's counsel have 30 days from the date of this Order to submit a plan for notice to members of the plaintiff class. Plaintiff's request that the State of Georgia pay the costs of notice to members of the plaintiff class is DENIED.

been argued, to indicate that defendant Pelham's extremely negative characterizations of plaintiff Waits' declaration are unwarranted. Much of Ms. Waits' description of the encounter is substantiated by admissions in defendant Pelham's deposition, and much of the remainder is sufficiently close to the admissions of defendant Pelham that it is, if incorrect, within the realm of innocent misunderstanding which was likely to occur in a highly stressful situation.