## 74350. LANDERS v. THE STATE.

(359 SE2d 748)

Pope, Judge.

Merida Winfield Landers III brings this appeal from his convictions and sentences of two counts of violating the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq. (possession of methamphetamine and of marijuana) and unlawfully possessing an item with an altered serial number, OCGA § 16-9-70 (a). Defendant's enumerations of error challenge the denial of his motion to suppress items seized from his person and his abode pursuant to a search warrant. *Held*:

1. Defendant first asserts that the description and location of the premises to be searched, as stated in the warrant and affidavit, was fatally defective. This information was provided to the affiant by a reliable, confidential informant and described the premises as "[a] silver mobile home located at the intersection of Wildwood Drive and Wildwood Court. Said residence is located by traveling West on Monroe Drive to the intersection of Monroe [D]rive and Candler Road. Turn right off Monroe Drive onto Candler [R]oad, travel to dead-end of Candler [R]oad. At the end of Candler [R]oad turn right off of Candler [R]oad onto Wildwood [D]rive and Wildwood Court. Said residence will be on the right side of Wildwood [D]rive East on Wildwood [D]rive. See attached Map. Hall County, Georgia." The map (not drawn to scale) visualized the foregoing directions and further described the subject mobile home as "located on the right side of Wildwood Drive . . . Approx. 20' from road [and] . . . is solid silver in color." Defendant contends that since the name of the owner or occupant of the premises was not given, the description of the premises must have been exact, and the foregoing description lacked the requisite definiteness. Defendant bases this assertion upon his testimony at the hearing on the motion to suppress that the map was "not very accurate" because there were several other mobile homes in the vicinity (not shown on the map), including one which was "the same silver color" located two doors up the road from him.

"To be valid, a search warrant must contain a description of the person and premises to be searched with such particularity as would enable a prudent person executing the warrant to locate the person and premises definitely and with reasonable certainty. The writ should not leave the executing officer in doubt or require him to exercise his discretion. It will be deemed sufficient if the information permits the officer to locate the premises without the aid of other information. However, where the name of the owner or occupant is not given, the description of the premises must be exact." (Citations and punctuation omitted.) *State v. Hatch*, 160 Ga. App. 384, 385 (287 SE2d 98) (1981). "This court has often stated that ' "a search warrant

should be read as a whole, and any designation or description known to the locality that points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it, satisfies the constitutional requirement." ' [Cit.]" *State v. Hardin*, 174 Ga. App. 83, 84 (329 SE2d 172) (1985).

Applying these standards to the case at bar, we find the description of the premises to be searched sufficiently exact to pass muster. E.g., *Martin v. State*, 165 Ga. App. 760 (1) (302 SE2d 614) (1983); *Toole v. State*, 146 Ga. App. 305 (3) (246 SE2d 338) (1978); *United States v. Ortiz* 311 FSupp. 880, 883 (D. Colo. 1970). Cf. *Vaughn v. State* 141 Ga. App. 453 (1) (233 SE2d 848) (1977). We also find significant the fact that the officers who executed the warrant knew the location of the subject mobile home. Prior to swearing out the warrant, one of the officers checked the informant's directions three times, and, during one of the trips, was accompanied by the informant, who pointed out the subject mobile home. Also, having "worked a case" with the former owner of the premises, the officers were "well familiar" with the location, although this knowledge was not reflected in the warrant or its supporting affidavit. Accord *United States v. Burke*, 784 F2d 1090, 1092-1093 (11th Cir. 1986); see *Gumina v. State* 166 Ga. App. 592 (2) (305 SE2d 37) (1983); *Chambliss v. State* 165 Ga. App. 194 (1) (300 SE2d 201) (1983).[1]

2. Defendant also contends that the warrant was defective due to the staleness of the information relied upon at the time the premises were searched. As is pertinent to this issue, the affidavit for the search warrant stated: "On or between the dates [of] February 1, 1985 and January 23, 1985 affiant was contacted by a true and reliable informant who stated . . . that he . . . was at the above described premises on or between the dates above and . . . personally observed a quantity of Amphetamine being kept and stored at the above described premises." The warrant was issued on February 1 and was executed on February 4, 1985.

Although the precise date the informant saw the alleged illegal drugs was not affirmatively shown in the affidavit, "it is not necessary that 'the precise date of the occurrence be given but it should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant.' [Cit.]" *Lewis v. State* 126 Ga. App. 123, 127 (190 SE2d 123) (1972).

---

[1] Compare *Bell v. State*, 124 Ga. App. 139, 140 (182 SE2d 901) (1971), holding " 'that the fact that the officers executing the warrant knew certain facts about the place to be searched which were omitted from the warrant and *which were essential to a proper description* will not supply such omission in the warrant.' " (Emphasis supplied.)

The subject affidavit's nine-day period during which the informant purportedly observed the illegal drugs being "kept and stored at the [subject] premises" did not render it stale. E.g., *McDade v. State*, 175 Ga. App. 204 (2a) (332 SE2d 672) (1985); *Evans v. State*, 161 Ga. App. 468 (1) (288 SE2d 726) (1982). See generally *Shrader v. State*, 159 Ga. App. 522 (1) (284 SE2d 37) (1981); *Tuzman v. State*, 145 Ga. App. 761 (2A) (244 SE2d 882), cert. den., 439 U. S. 929 (1978). By way of explanation at the motion to suppress hearing, the affiant testified: "I date the warrant ten days to try to protect the identification of the informants, that's the reason for the ten-day period, but there's approximately a two-day period for the information from the informant." See *Kouder v. State*, 154 Ga. App. 597 (2) (269 SE2d 92) (1980).

The trial court did not err in overruling defendant's motion to suppress and related motion for new trial for any reason assigned.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JULY 14, 1987.

*W. Allan Myers*, for appellant.

*C. Andrew Fuller, District Attorney, Donald F. Chase II, Chandelle Turner, Assistant District Attorneys*, for appellee.