A90A0193. WELLS v. THE STATE.
(395 SE2d 296)

Cooper, Judge.

Appellant, convicted by a jury for possession of marijuana, cocaine and pethidine, appeals her conviction and sentence and the denial of her motion to suppress. Appellant raises five enumerations of error.

1. Appellant first contends that the trial court erred in denying her motion to suppress because the search warrant was invalid. The search warrant which the Clayton County Narcotics Unit used to search appellant's apartment specified the address to be searched as "990 Battlecreek Road, Building #12, Apartment #1210, Jonesboro, Clayton County, Georgia." This address appeared in the first section of the warrant but was omitted in a later section where a line calling for a description of the premises was left blank. The premises to be searched was an apartment in the Chase Lake Apartment complex, and an investigating officer testified that he prepared the warrant based upon an inquiry to the water department which revealed the address of such apartments to be 990 Battlecreek Road. The appellant testified that her address was 1210 Chase Lake Drive and that she had not seen the designation "990" on Battlecreek Road. Other testimony revealed the existence of a similar apartment complex adjacent to the Chase Lake Apartments, also on Battlecreek Road. There was no evidence presented to refute the fact that one address used for the Chase Lake Apartments is 990 Battlecreek Road. The affidavit supporting the warrant did contain a designation of Chase Lake Apartments in the address, however the officer testifying at the motion to suppress hearing stated that he did not know if the officers executing the warrant had read the affidavit.

" 'To be valid, a search warrant must contain a description of the . . . premises to be searched with such particularity as would enable a prudent person executing the warrant to locate the . . . premises definitely and with reasonable certainty. [Cit.]' " *Anderson v. State*, 155 Ga. App. 25 (270 SE2d 263) (1980). There being no evidence to show that the address stated in the warrant was incorrect, "the trial court did not abuse its discretion in holding, in substance, that . . . the

officer could 'ascertain and identify the place intended.' [Cit.]" *Martin v. State*, 165 Ga. App. 760 (302 SE2d 614) (1983). The omission of the address in the body of the warrant did not affect its validity and did not authorize suppression of the evidence. *Latimer v. State*, 134 Ga. App. 372 (1b) (214 SE2d 390) (1975). In producing the warrant, the supporting affidavit and the other evidence offered, the State met its burden to show that the search and seizure were lawful. See *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984).

2. Appellant's contention that the trial court erred in admitting her confession into evidence is without merit. In the *Jackson v. Denno* hearing, the prosecution was required to show by a preponderance of the evidence that the confession was voluntarily made. *Riley v. State*, 257 Ga. 91 (1a) (355 SE2d 66) (1987). The State showed that the appellant made her confession after being read her rights and after stating that she understood her rights. Two witnesses indicated that her confession appeared to be given freely and voluntarily, and evidence that the appellant was scared and crying does not affect the voluntariness of the confession. "After a careful review of the evidence submitted to the trial judge here, we feel that his determination was not clearly erroneous, and that the confession was properly admitted into evidence." *High v. State*, 233 Ga. 153 (1) (210 SE2d 673) (1974).

3. In her third enumeration, appellant asserts that the trial court erred in denying her motion for a directed verdict based on the equal access rule. The drugs seized were found in appellant's bedroom and bathroom — the marijuana was between towels under the master bathroom sink, the cocaine and drug paraphernalia were found in a box inside another box on a top shelf in the master bedroom closet, and the pethidine was found on a nightstand in appellant's bedroom. Appellant presented testimony that people were "in and out" of her apartment and that other people had access to her bedroom area. "The equal access rule applies to contraband that is for the most part in 'open, notorious and easily accessible areas.' [Cit.]" *Wright v. State*, 154 Ga. App. 400 (1) (268 SE2d 378) (1980). "The totality of the evidence was sufficient to connect the [appellant] to the possession of the drugs . . . ," (*Pamplin v. State*, 164 Ga. App. 610 (1) (298 SE2d 622) (1982)) and the trial court was not in error to deny the directed verdict.

4. Considering appellant's voluntary confession, the location of the evidence seized and a witness' testimony that she had bought cocaine from appellant, we find the evidence was sufficient to sustain a finding of guilt by a rational trier of fact beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Appellant's fifth enumeration that her character was erroneously placed into evidence is asserted without success. In response to

the prosecution's questions, appellant testified that on a separate occasion the Clayton County Narcotics Unit came to her apartment asking for narcotics, but appellant denied trying to sell drugs to the agents. Any error which occurred was harmless to the appellant since she denied any wrongdoing and since the matter was not pursued by the prosecution. See *Terry v. State*, 190 Ga. App. 570 (2) (379 SE2d 604) (1989). Further, " ' "[i]n the absence of a demonstration that a mistrial was essential to preservation of [appellant's] right to a fair trial, it is not an abuse of discretion to deny a motion for a mistrial even where no curative instructions were given." ' [Cit.]" *Shivers v. State*, 188 Ga. App. 21 (4) (372 SE2d 2) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 1, 1990 —
REHEARING DENIED JUNE 27, 1990 — CERT. APPLIED FOR.

*Gale W. Mull*, for appellant.
*Robert E. Keller, District Attorney, Gregory K. Hecht, Assistant District Attorney*, for appellee.