### A04A1581. THE STATE v. HICKS et al.
(605 SE2d 34)

ANDREWS, Presiding Judge.

Following their indictment for several violations of the Georgia Controlled Substances Act, including trafficking in cocaine, LaShawn Hicks and Tyrone Bradley moved to suppress evidence seized pursuant to a search warrant. The trial court granted the motion based on its conclusion that the warrant failed to particularly describe the place to be searched. The State appeals this order, and for reasons that follow, we reverse.

The warrant at issue contained the following description of the property to be searched:

The entire premises and curtilage located at 114 Leeswood Circle. . . . The residence is described as being a single story family duplex residence with vinyl siding. The residence is tan in color with white in color trimming. The front door and the shutter of the residence is a maroon in color. The roof of the residence has a black in color singles [sic]. While traveling westbound on Emanuel Farm Road from the intersection of Emanuel and Hwy. 17, you will turn right onto Leeswood Circle. While traveling northbound on Leeswood Circle the duplex is going to be the fourth duplex on the right side. As you are facing the duplex it residence is going to be on the left hand side of the duplex.

The parties agree that the police searched the left side of a duplex located on the fourth lot on the right, that one of the four mailboxes

located directly in front of this duplex was numbered 114, that there were no street numbers affixed to the duplex itself, and that the duplex searched matched the color scheme described in the affidavit. As the third lot on the right was vacant, the duplex searched was the third duplex on the right, and not the fourth duplex as described in the warrant. The fourth duplex on the right was clearly marked with numbers 116 and 118 and did not match the color scheme described in the warrant. The four mailboxes located in front of the searched duplex were on two posts. Mailbox numbers 112 and 114 were on one post and black in color, and mailbox numbers 113 and 115 were on another post and white in color. All of the mailboxes on the street are on one side of the road, presumably for ease of postal delivery. Finally, Leeswood Circle intersects Emanuel Farm Road in two places as it is a loop. A person following the directions in the warrant would take the first intersection between Leeswood Circle and Emanuel Farm Road and the duplex searched was the third duplex on the right located on the fourth lot.

As the evidence at the suppression hearing was undisputed and there was no question as to the credibility of the witnesses, we conduct a de novo review of the trial court's application of the law to the uncontroverted facts. *Hughes v. State*, 269 Ga. 258, 259 (1) (497 SE2d 790) (1998).

> In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation and footnote omitted.) *Shivers v. State*, 258 Ga. App. 253, 254 (573 SE2d 494) (2002). "[W]e must review giving great deference to the magistrate's determination of probable cause, keeping in mind that affidavits are normally drafted by non-lawyers in the midst and haste of a criminal investigation." (Citation and punctuation omitted.) *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985).

The requirement that a search warrant particularly describe the place to be searched is fulfilled if the warrant contains a description that "sufficiently permits a prudent officer executing the warrant to locate the premises, person or property [to be searched] definitely and

with reasonable certainty, and without depending upon his discretion." (Citation and punctuation omitted.) *Minter v. State*, 206 Ga. App. 692, 693 (1) (426 SE2d 169) (1992). In determining whether the subject place is sufficiently described in the warrant, our courts read the warrant as a whole and consider other evidence, including, but not limited to, the supporting affidavit. *State v. Slaughter*, 252 Ga. 435, 439 (315 SE2d 865) (1984); *Franks v. State*, 240 Ga. App. 685, 689 (3) (524 SE2d 545) (1999).

The supporting affidavit details that, within 72 hours of applying for the warrant, the affiant, Officer Jones, had been contacted by a confidential informant regarding drugs being sold from 114 Leeswood Circle. Jones met the informant, who told Jones that a male named Tyrone Bradley was living at that address. Jones searched the informant for contraband and money, but found neither. Jones then gave the informant $275 of government funds and observed him walk into the front door of 114 Leeswood Circle. The informant then left the home, was followed to a prearranged meeting place, and turned over to Jones some "off white powder like substance, suspected powder cocaine." The informant told Jones he bought it from a man named Bradley and the field test indicated positive for cocaine.

Rather than considering the affidavit and warrant as a whole, the trial court appears to have minutely considered only the description of the property set out above and focused inordinately upon the following facts: (1) there were two intersections of Leeswood Circle and Emanuel Farm Road; (2) there was no number on the duplex itself; and (3) the duplex was the third building, not the fourth, because the lot next door to 114 Leeswood Circle was vacant.

We have no doubt that a reasonably prudent officer could have found 114 Leeswood Circle from the description, directions, and address provided. *Evans v. State*, 263 Ga. App. 572 (1) (588 SE2d 764) (2003); *Swan v. State*, 257 Ga. App. 704, 706 (2) (572 SE2d 64) (2002). Regarding the second Leeswood Circle/Emanuel Farm Road intersection, it is unclear why a reasonably prudent officer would bypass the first intersection, obviously intended in the directions to the location, to go on to the second. Further, that a scrivener's error described the duplex as the fourth instead of the third was not so material as to destroy the integrity of the affidavit or validity of the warrant. *Scott v. State*, 213 Ga. App. 84, 86 (1) (444 SE2d 96) (1994); *Kelly v. State*, 184 Ga. App. 337 (361 SE2d 659) (1987).

*Judgment reversed. Miller and Ellington, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

Hicks argues in his motion for reconsideration that we have applied the incorrect standard in our review because the testimony at

the truncated hearing was in dispute regarding some details of the location of the property. In order to clarify our opinion, we add the following **highlighted** language on page 742:

> As the evidence at the suppression hearing was undisputed **regarding the actual location and description of the premises, as set out above,** and there was no question as to the credibility of the witnesses **as to this issue**, we conduct a de novo review of the trial court's application of the law to the uncontroverted facts.* *Hughes v. State*, 269 Ga. 258, 259 (1) (497 SE2d 790) (1998).

*The motion for reconsideration is denied.*

DECIDED SEPTEMBER 3, 2004 —
RECONSIDERATION DENIED SEPTEMBER 28, 2004 —

*Stephen D. Kelley, District Attorney, John S. Wetzler, Assistant District Attorney*, for appellant.
*Ernest B. Gilbert*, for appellees.

---

* The trial court's order makes clear that she was evaluating "the face of the warrant alone" in determining the adequacy of the description of the property to be searched.