### A05A1849. THE STATE v. STAFFORD.
(627 SE2d 802)

RUFFIN, Chief Judge.

The State charged Tyron Stafford with two counts of rape, three counts of aggravated sodomy, kidnapping, two counts of armed robbery, burglary, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Stafford moved to suppress DNA evidence obtained pursuant to a search warrant before trial, arguing, among other things, that the State failed to comply with OCGA § 17-5-25 in executing the warrant. The trial court granted the motion. The State appeals, and we reverse and remand for further proceedings.

1. We must first address Stafford's motion to dismiss, in which he asserts that the trial court's ruling is not directly appealable. Stafford recognizes that, under OCGA § 5-7-1 (a) (4), the State may appeal directly "[f]rom an order, decision, or judgment suppressing or excluding evidence illegally seized." He notes, however, that this provision does not authorize a direct appeal from "the exclusion of evidence which is based only upon some general rule of evidence."[1] And he claims that the trial court based its decision on a statutory rule akin to a general rule of evidence, rather than a determination that the evidence was seized illegally.

We disagree. Stafford argued below — and the trial court found — that the State's alleged violation of the statutory rules governing execution of a search warrant rendered the search unlawful. Under Georgia law, "if a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion... is subject to direct appeal on the part of the [S]tate."[2] This is true, regardless of whether the alleged illegal seizure resulted from a constitutional or a statutory violation.[3] Accordingly, the trial court's order is directly appealable under OCGA § 5-7-1 (a) (4).

2. In reviewing the ruling on Stafford's motion to suppress, we construe the evidence favorably to the trial court's findings and

---

[1] *State v. Kramer,* 260 Ga. App. 546, 547 (1) (580 SE2d 314) (2003).

[2] *State v. Strickman,* 253 Ga. 287, 288 (319 SE2d 864) (1984).

[3] See id.

judgment.[4] The trial court's application of law to undisputed facts, however, is subject to de novo review.[5]

The following evidence is undisputed. On December 3, 2003, Detective Kenneth White obtained a search warrant authorizing him to secure a DNA sample from Stafford, who was in jail at the time. Pursuant to the warrant, White took a swab of fluid from Stafford's mouth. He then provided Stafford with an unsigned copy of the search warrant that did not indicate the date or time that the original warrant was executed.

This case focuses on OCGA § 17-5-25, which states, in pertinent part, that when a search warrant is executed, a "duplicate copy shall be left with any person from whom any instruments, articles, or things are seized." According to Stafford, because the copy of the warrant left by White was not signed or dated, it was not a "duplicate" of the original signed warrant.

The trial court agreed, based primarily on our decision in *DeFreeze v. State*.[6] In *DeFreeze*, we concluded that a "duplicate" is "the alter ego of the original." We further noted that "there [must] be a sameness, an indivisibility in the content of the original and the duplicate."[7] Applying these principles, the trial court determined that the unsigned warrant given to Stafford was not the "alter ego" or "duplicate" of the signed original and did not satisfy OCGA § 17-5-25.

But even assuming that the State violated OCGA § 17-5-25, the analysis cannot end there. A violation of the statutory warrant requirements does not necessarily authorize evidence suppression. On the contrary, OCGA § 17-5-31 provides that "[n]o search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused." We must consider, therefore, whether a mere technical violation occurred in this case.

Although various types of defects have been classified as "technical irregularities" for purposes of OCGA § 17-5-31,[8] we have located no Georgia case law addressing whether leaving an unsigned copy of a warrant with the person searched constitutes a technical violation of OCGA § 17-5-25. Several other jurisdictions, however, have found

---

[4] See *Poole v. State*, 266 Ga. App. 113 (596 SE2d 420) (2004).

[5] See id.

[6] 136 Ga. App. 10, 11 (220 SE2d 17) (1975).

[7] Id.

[8] See *Adams v. State*, 201 Ga. App. 12, 14-15 (4) (410 SE2d 139) (1991) (failure of magistrate judge to sign affidavit supporting warrant); *Williams v. State*, 188 Ga. App. 334, 335 (1) (373 SE2d 42) (1988) (use of a tape-recorded oral affidavit, rather than written affidavit, to support warrant); *Sampson v. State*, 165 Ga. App. 833 (2) (a) (303 SE2d 77) (1983) (failure to file supporting affidavit with issuing court after warrant was executed); *Merritt v. State*, 121 Ga. App. 832, 833 (2) (175 SE2d 890) (1970) (failure to include time of issuance on warrant).

this type of violation to be technical.[9] It is possible that — under a certain set of facts — the failure to leave a signed and dated copy of the warrant could be viewed as more than a technical defect.[10] Nevertheless, we agree with the other jurisdictions that, absent some showing of prejudice by the defendant, such omissions are technical in nature and not grounds for suppression.[11]

The copy of the warrant given to Stafford does not differ significantly from the warrant signed by the issuing judge.[12] The substantive content of both documents is the same. Stafford's copy merely lacks the issuing judge's signature, as well as information regarding the date and time the warrant was issued. Furthermore, Stafford has pointed to no evidence that these omissions prejudiced him or affected his substantial rights, such as his Fourth Amendment right to be free from unreasonable searches and seizures.[13] Under these circumstances, the irregularities in the copy provided to Stafford are merely technical, presenting no grounds for suppression.[14] Accordingly, we reverse the trial court's ruling and remand for consideration

---

[9] See *United States v. Lipford*, 203 F3d 259, 270 (4th Cir. 2000) (leaving unsigned copy of warrant with defendant "was, at most, a technical violation of [the warrant requirements] and not a violation of the Fourth Amendment"); *North Dakota v. Runck*, 534 NW2d 829, 832 (N.D. 1995) (because defendant failed to show any prejudice or intentional disregard of the governing rules or the Fourth Amendment, "leaving an unsigned and undated copy of the search warrant at the [place searched] was a ministerial violation of [the warrant requirements] that does not warrant suppression of the evidence seized upon execution of the warrant"); *Illinois v. Harrison*, 226 NE2d 418, 420 (Ill. App. 1967) (although copy of search warrant left with person searched was not signed or dated, "it was a technical irregularity, which was not prejudicial to either of the defendants, nor did it affect their substantial rights"); *Connecticut v. Montagna*, 405 A2d 93, 95 (Conn. Super. 1979) ("Absent a substantial showing of prejudice, the omission of the signatures on the copy [of the warrant left with the defendant] was minor and does not invalidate an otherwise lawful search.").

[10] See *Merritt*, supra ("[I]n certain instances [failure to note the time of issuance on the copy of the warrant] could be a fatal defect, e.g., where there is some reason to believe the warrant was issued *after* the search.") (emphasis in original).

[11] See *Lipford*, supra; *Runck*, supra; *Harrison*, supra; *Montagna*, supra; see also *Vaughn v. State*, 126 Ga. App. 252, 256 (2) (190 SE2d 609) (1972) (prejudice to defendant should be considered in determining whether violation of warrant requirements constitutes grounds for suppression).

[12] Cf. *Battle v. State*, 275 Ga. App. 301, 303 (620 SE2d 506) (2005) (when warrant cannot meet particularity requirement without reference to accompanying affidavit, a copy of the warrant *and* affidavit must be left with person searched to comply with OCGA § 17-5-25 and the Fourth Amendment); see also *Groh v. Ramirez*, 540 U. S. 551, 557-558 (124 SC 1284, 157 LE2d 1068) (2004) (when warrant relies upon document, such as a supporting affidavit, to meet particularity requirement, that document must be cross-referenced in and accompany the warrant).

[13] See *State v. Giangregorio*, 181 Ga. App. 324, 325 (352 SE2d 193) (1986) (physical precedent only) (evidence found through search incident to arrest should not have been suppressed merely because officer's authority to arrest "was technically defective"; such technical irregularity did not violate the defendant's Fourth Amendment rights).

[14] See OCGA § 17-5-31.

of the other arguments raised in Stafford's motion to suppress.[15]

*Judgment reversed and case remanded. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 27, 2006 —
RECONSIDERATION DENIED MARCH 3, 2006 — 

*Spencer Lawton, Jr., District Attorney, Nancy G. Smith, Assistant District Attorney*, for appellant.

*Michael L. Edwards*, for appellee.

---

[15] The trial court specifically stated in its written order that, given its decision with respect to OCGA § 17-5-25, it was not addressing Stafford's other arguments.