## A07A1062. THOMAS v. THE STATE.
(651 SE2d 183)

BERNES, Judge.

Following a stipulated bench trial, Denzil Hamilton Thomas was convicted of one count of trafficking in marijuana. On appeal, Thomas contends that the trial court should have granted his motion to suppress the evidence seized from his home because the search warrant was for a different address. For the reasons discussed below, we are constrained to reverse.

In reviewing the grant or denial of a motion to suppress, we construe the evidence in the light most favorable to upholding the trial court's findings and judgment. *Williams v. State*, 265 Ga. App. 489 (594 SE2d 704) (2004). "The trial court's application of law to undisputed facts, however, is subject to de novo review." *State v. Stafford*, 277 Ga. App. 852, 853 (2) (627 SE2d 802) (2006).

The undisputed facts are as follows. On the night of February 1, 2005, Thomas was shot and seriously injured. His friend called 911, and two officers with the Gwinnett County Police Department responded to Thomas' residence, which was located at 3958 Balley Castle Court. While attending to Thomas who was collapsed in the foyer, the officers smelled a strong odor of marijuana inside the residence.

Based upon this information received from the two responding officers, a detective with the Gwinnett Drug Task Force submitted an affidavit and application for a warrant to search for marijuana and drug-related documents and paraphernalia at "3958 Bailey Castle Court, Duluth Georgia, Gwinnett." A magistrate granted the detective the search warrant at 11:28 p.m., but the warrant listed the address for the search as "5365 Williams Road, Georgia, Gwinnett." The warrant did not make mention of Thomas or any other owner or occupant. The warrant also provided that the affidavit submitted by the detective "shall not be served upon the premises — only the [search warrant] shall be served." After obtaining the search warrant, the detective, along with the two responding officers, searched Thomas' residence in the early morning hours of February 2 and found over 42 pounds of marijuana.

Following his indictment for trafficking in marijuana, Thomas moved to suppress the seized marijuana on the ground that the search warrant was for a different address and thus was constitutionally defective. At the suppression hearing, the detective who submitted the affidavit and application for the search warrant explained that she had created the documents using a template on her computer. As part of the warrant application, the detective had submitted to the magistrate a proposed search warrant that inadvertently contained an address from a prior warrant application. It

was this proposed search warrant that the magistrate signed, resulting in the warrant having the wrong address.

The trial court denied Thomas' motion to suppress, finding that the search warrant, when read in conjunction with the detective's affidavit and application for the warrant, made clear where the search was to be conducted. Thomas subsequently was convicted of the charged offense in a stipulated bench trial, leading to this appeal in which Thomas challenges the denial of his motion to suppress.

We conclude that the search warrant was invalid. The United States and Georgia Constitutions protect citizens from unreasonable searches and seizures and thus provide "that no warrant shall issue except upon probable cause particularly describing the place to be searched, and the persons or things to be seized." (Citation and punctuation omitted.) *Conrad v. State*, 217 Ga. App. 388, 390 (2) (457 SE2d 592) (1995). See U. S. Const., Amend. IV; Ga. Const. of 1983, Art. I, Sec. I, Par. XIII. Where, as here, "the name of the owner or occupant is not given in the warrant, the description of the premises must be exact." *Cooper v. State*, 212 Ga. App. 34, 35 (1) (441 SE2d 448) (1994). Hence, "where the premises are described by street and number, that description will not authorize a search of the premises at another street or number." *Chambless v. State*, 165 Ga. App. 194, 195 (1) (300 SE2d 201) (1983). See *State v. Hatch*, 160 Ga. App. 384 (287 SE2d 98) (1981) (affirming grant of motion to suppress when warrant listed address as "2879 Chelsey Tr., Riverdale, Clayton County, Ga.," but the premises searched was "2870 Chelsey Trail, Jonesboro, Clayton County, Georgia"); *Durrett v. State*, 136 Ga. App. 114, 114-116 (2) (220 SE2d 92) (1975) (reversing denial of motion to suppress when there was a discrepancy between the address listed in the affidavit and the address listed in the warrant); *Bell v. State*, 124 Ga. App. 139-140 (182 SE2d 901) (1971) (reversing denial of motion to suppress when warrant listed address as "283 Rock Springs" but the search was carried out at "293 South Rock Springs") (physical precedent only). Such a search is unauthorized under Georgia law, even if the officers executing the warrant were acting in good faith. See *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992). It follows that the search warrant at issue, which contained an address entirely different from the residence that was actually searched, was unconstitutional under both the federal and state constitutions.

Citing to OCGA § 17-5-31,[1] the State argues that the erroneous address in the search warrant was a mere technical irregularity, given that the residence and its occupant were described in the

---

[1] OCGA § 17-5-31 provides: "No search warrant shall be quashed or evidence suppressed because of a technical irregularity not affecting the substantial rights of the accused."

detective's supporting affidavit and application for a warrant. We cannot agree under the circumstances of this case. It is true that even if a search warrant contains an erroneous address, the warrant may nevertheless be valid "where there are other elements of description sufficiently particular to identify the premises to be searched" in the supporting affidavit and application. *Lester v. State*, 278 Ga. App. 247, 249 (1) (628 SE2d 674) (2006). See also *State v. Hicks*, 269 Ga. App. 741, 743 (605 SE2d 34) (2004). Significantly, however, a court is entitled to construe a warrant in conjunction with the supporting affidavit and application only "if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." (Emphasis omitted.) *Battle v. State*, 275 Ga. App. 301, 302 (620 SE2d 506) (2005), quoting *Groh v. Ramirez*, 540 U. S. 551, 557-558 (II) (124 SC 1284, 157 LE2d 1068) (2004) (holding that officer's possession of affidavit at searched premises, without leaving a copy with the occupant, was insufficient to allow for consideration of the affidavit in evaluating the constitutionality of the warrant). Here, the search warrant did not contain words incorporating the detective's affidavit and application, and the warrant expressly stated that the supporting documentation was not to be served upon the occupant. Hence, the warrant cannot be construed with reference to the detective's affidavit and application. *Battle*, 275 Ga. App. at 303-304.

It is also true that a warrant containing an erroneous address can pass constitutional muster if the warrant itself contains other descriptive elements that would "permit[ ] a prudent officer executing the warrant to locate the place definitely and with reasonable certainty, and without depending upon his discretion." *Chambless*, 165 Ga. App. at 195 (1). See also *Gumina v. State*, 166 Ga. App. 592, 594 (305 SE2d 37) (1983). But, in the instant case, the warrant contained no other descriptive information about the property or the occupant, other than the erroneous address.

Finally, we note that "the fact that the officers executing the warrant knew certain facts about the place to be searched which were omitted from the warrant and which were essential to a proper description will not supply such omission in the warrant." (Punctuation omitted.) *Durrett v. State*, 136 Ga. App. at 116 (2), quoting *Bell*, 124 Ga. App. at 140.[2] This is because one of the purposes of having a

---

[2] In a few cases, we have suggested that the fact that the officers executing the warrant had independent personal knowledge of the location of the searched premises added weight to the conclusion that the search warrant should be upheld. See *Landers v. State*, 183 Ga. App. 691, 692 (1) (359 SE2d 748) (1987); *Gumina*, 166 Ga. App. at 594 (2); *Chambless*, 165 Ga. App. at 195 (1). In all of those cases, however, the description of the premises in the warrant was particularized enough, in and of itself, to provide the essential facts necessary for locating the

particularized warrant is to "assure[ ] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search," a purpose that goes unfulfilled if the particularized information justifying the warrant is not made available to the individual presented with the warrant. (Citations and punctuation omitted.) *Groh*, 540 U. S. at 561 (II).

For these reasons, we must hold that the search warrant issued in this case was facially defective for lack of sufficient particularity, rendering the ensuing search of Thomas' residence unconstitutional. See *Groh*, 540 U. S. at 574-576. The trial court therefore erred in denying Thomas' motion to suppress.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 15, 2007.

*Rand J. Csehy*, for appellant.
*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.

---

premises definitely and with reasonable certainty. These cases must be distinguished from cases such as *Bell* and the present case, where the warrant itself fails to provide the essential facts necessary for a proper description. See *Landers*, 183 Ga. App. at 692 (1), n. 1 (distinguishing *Bell* on this ground).