# S11A1958. ARRINGTON v. COLLINS.

(724 SE2d 372)

HINES, Justice.

This is an appeal by the warden from the grant of criminal defendant Terry Collins's application for writ of habeas corpus. The habeas court granted the writ after finding that Collins's appellate counsel rendered ineffective assistance. For the reasons that follow, we reverse the grant of habeas corpus relief.

After firing three privately-retained attorneys, Collins proceeded pro se at a jury trial in 2001, and was found guilty of trafficking in cocaine; he received a sentence of 30 years, 25 years of which were to be served in prison. Following the denial of his motion for new trial, Collins, represented by counsel, appealed to the Court of Appeals, contending that the trial court should have granted his motion for a continuance, and that he was denied his right to counsel. The Court of Appeals affirmed. *Collins v. State*, 269 Ga. App. 164 (603 SE2d 523) (2004).[1]

Collins filed the present application for writ of habeas corpus in the Superior Court of Fulton County on February 15, 2007. He asserted as bases for relief, inter alia, the ineffective assistance of appellate counsel for failure to raise on appeal that Collins's house was illegally searched, that there was a burden-shifting jury charge, and that the trial court gave the jury an erroneous charge on Collins's sole defense; Collins also maintained that appellate counsel failed to properly raise the issue that he was forced to represent himself at trial.[2]

The United States Supreme Court in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)

---

[1] Collins's petition for certiorari to the Court of Appeals was dismissed by this Court.

[2] In its opinion, the Court of Appeals noted the following. Ten days before trial, at the beginning of a motions hearing, Collins's privately-retained Florida attorney, who was admitted pro hac vice on Collins's behalf, announced that Collins had fired him and his co-counsel; the trial court stated that the case would go forward and allowed counsel to question Collins regarding his decision; Collins acknowledged, inter alia, that he did not want the services of counsel, that the trial would proceed, that he was responsible for handling all preparation for trial, and that he would have to represent himself at the hearing on a motion to suppress filed on his behalf; Collins affirmed that he understood and accepted the risks of proceeding pro se and that he did not wish representation by counsel; the trial court had counsel review with Collins the potential penalties for the offense with which he was charged, and that he would be representing himself unless he hired new counsel; Collins's co-defendant also fired his attorney, and when the case was called for trial ten days later, neither Collins nor his co-defendant had obtained new counsel; the trial court reminded them that they had stated to the court that they were obtaining different counsel; Collins acknowledged that he was told ten days earlier that the case would come up for trial as scheduled; at the start of trial, the trial court offered to appoint "standby counsel" to assist both defendants, but both refused the offer. *Collins v. State*, supra at 164-165.

established the standard for ineffective assistance of counsel, and though the opinion is phrased in terms of ineffective assistance of trial counsel, it can be used as a basis for establishing a standard for ineffective assistance of appellate counsel. The *Strickland v. Washington* standard consists of a two-prong analysis: first, counsel's performance must have been deficient, and second, the deficiency must have prejudiced the defense.

*Battles v. Chapman*, 269 Ga. 702 (1) (506 SE2d 838) (1998) (Citations omitted.).

As to Collins's complaints that his appellate attorney failed to raise certain issues,

[i]t is the attorney's decision as to what issues should be raised on appeal, and that decision, like other strategic decisions of the attorney, is presumptively correct absent a showing to the contrary by the defendant. The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. Accordingly, it has been recognized that in attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made. Rather, in determining under the first *Strickland* prong whether an appellate counsel's performance was deficient for failing to raise a claim, the question is not whether an appellate attorney's decision not to raise the issue was correct or wise, but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt.

*Id.* at 703 (1) (a) (Citations and punctuation omitted.). Accord *Shorter v. Waters*, 275 Ga. 581, 584 (571 SE2d 373) (2002).

The habeas court determined that Collins had satisfied both prongs of the *Strickland* test, and thereby, had shown that appellate counsel's decisions as to which issues to raise or not raise were unreasonable, and that there was the reasonable probability that the result of his appeal would have been different had counsel raised any or all of the asserted claims. The habeas court determined that Collins demonstrated the ineffective assistance of his appellate attorney based upon its finding of three deficiencies by counsel.

However, examination of the claims fails to support the professional failings found by the habeas court.

1. First, the habeas court determined that appellate counsel was deficient for failing to raise the issue of an illegal search. In so doing, it relied upon the Court of Appeals' holding in *Thomas v. State,* 287 Ga. App. 262 (651 SE2d 183) (2007), to conclude that the description in the search warrant in Collins's case was legally insufficient. But, *Thomas* is inapposite. The search warrant in *Thomas,* which was found to be invalid by the Court of Appeals, bore a completely erroneous address, i.e., wrong number and street name, for the premises to be searched, and the trial court had denied Thomas's motion to suppress based upon its finding that the search warrant made clear where the search was to be conducted when the warrant was "read in conjunction with the detective's affidavit and application for the warrant." Id. at 263. The Court of Appeals acknowledged that even if a search warrant contains an erroneous address, the warrant may nevertheless be legally valid when there are other descriptive and identifying elements of the premises to be searched in the supporting affidavit and application, if such documentation is expressly incorporated by the language in the warrant and accompanies it. Id. at 264. That Court also readily confirmed that a search warrant containing an erroneous address will pass constitutional muster "if the warrant itself contains other descriptive elements that would 'permit( ) a prudent officer executing the warrant to locate the place definitely and with reasonable certainty, and without depending upon his discretion.' " Id. The warrant in *Thomas* fell short because it did not contain words incorporating the affidavit and application, and, in fact, stated that the supporting documentation was not to be served upon the occupant, and because the warrant itself failed to contain any other descriptive information about the property or the occupant, other than the erroneous address. Id. That is far from the situation in the present case.

It is undisputed that the search warrant leading to the seizure of drugs which Collins was unsuccessful in attempting to suppress bore the address of "120 Sheffield Road" rather than "126 Sheffield Road," at which Collins lived. But, unlike the warrant in *Thomas,* the present warrant did not bear a completely erroneous address; one numeral was incorrect and the body of the warrant contained additional descriptive and identifying elements. The habeas court itself elaborated that the warrant expressly stated that it was to be effective for,

> [t]he entire premises and curtilage located at 120 Sheffield Road Brunswick Glynn County Georgia. The residence is further described as being a single family dwelling of wood

construction, beige in color with green trim. The residence is further described as having a screened porch attached to the house on the north side. Traveling south on Sheffield Road, the residence will be the second residence on the west side (right side) of Sheffield Road.

Yet, the habeas court held the description insufficient based upon its conclusion that it would have caused the police to use discretion in determining the house to be searched. Such reasoning is contrary to controlling precedent, and indeed, the relied-upon *Thomas* case, because it would invalidate any search warrant that bore a less-than-accurate numeral in the address, i.e., make that fact solely dispositive, regardless of the specificity or fullness of any accompanying description. That is not the law. Again, the description of the premises to be searched is sufficient if on its face it enables a prudent officer executing the warrant to locate it definitely and with reasonable certainty. *Fuller v. State*, 295 Ga. App. 439, 446 (7) (a) (672 SE2d 438) (2009). And, this warrant did so. It described the county in which the residence was to be found, the street upon which it was located, the single-family nature of the home, its material construction, its exact color down to the trim, the fact that it had a screened porch on its north side, directions to it, and its exact order of placement on the street. Thus, the warrant was not facially invalid, and the trial court could not be faulted for refusing to suppress evidence seized pursuant to its execution.

While in *Battles v. Chapman*, supra at 703 (1) (a), this Court noted in citation that it may not be necessary to evaluate the merits of the issue defendant claims appellate counsel should have raised in order to determine whether counsel's decision not to raise the claim was reasonable, the fact that an issue would not prevail on appeal may certainly bear on the evaluation of professional reasonableness. And, so it does in this case. Simply, it cannot be said that appellate counsel's decision not to assert an illegal search of Collins's residence on the basis urged was an unreasonable one which no competent attorney in the same situation would have made. *Shorter v. Waters*, supra at 584. Moreover, for the same reason that the issue would not prevail on appeal, Collins could hardly satisfy the prejudice prong of the *Strickland* standard. *Battles v. Chapman*, supra at 702 (1).

2. The second basis upon which the habeas court rested its conclusion of ineffective assistance was its found deficiency of appellate counsel for failing to assert that the trial court gave an allegedly burden-shifting jury charge. The habeas court cited the facts that Collins testified at trial but a co-defendant did not, and that the trial court charged the jury that the named co-defendant "was under no duty to present any evidence tending to prove

innocence and is not required to take the stand and testify in any criminal case." It found the trial court at fault for not making "a distinction that the charge was limited to situations in which a defendant does not testify," and concluded that this left the jury with the inference that Collins did have to testify and prove his innocence. But, the conclusion cannot be sustained.

The trial court gave essentially the pattern charge which can be requested in the situation where a criminal defendant does not take the stand, which in this case was the circumstance of one of Collins's co-defendants. The pattern charge reads in its entirety:

> The defendant in a criminal case is under no duty to present any evidence tending to prove innocence and is not required to take the stand and testify in the case. If the defendant elects not to testify, no inference hurtful, harmful, or adverse to the defendant shall be drawn by the jury, nor shall such fact be held against the defendant in any way.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.32.10 (4th ed. 2007). By its express language, the instruction does not apply to a defendant, like Collins, who elects to testify. Even so, in assessing an assertion of an erroneous jury instruction, including claims that a charge is burden-shifting to the defendant or misleading to the jury, the instruction must be evaluated in the context of the trial court's jury instructions as a whole. *Smith v. State*, 280 Ga. 490, 493 (3) (629 SE2d 816) (2006). And, there is no indication that the habeas court did this. But, this Court will undertake the correct analysis.

The trial court charged the jury, inter alia, on the presumption of innocence, that the defendants were to be adjudged separately, that it was the State's burden to prove each element of the charged crime beyond a reasonable doubt, and that the burden never shifted to the defendant. Read as a whole, the trial court's instructions to the jury contain sufficient clarity, and do not mislead the jury as to the burden of proof in regard to Collins; it in no manner fosters the inference that Collins had to testify and prove his innocence.

Consequently, appellate counsel's not asserting that the cited charge was improperly burden-shifting cannot credibly be found to be an unreasonable action which no competent attorney in the same circumstances would have taken. *Shorter v. Waters*, supra at 584. And, therefore, inasmuch as such a jury charge challenge would not have succeeded on appeal, Collins could not demonstrate prejudice. *Battles v. Chapman*, supra at 702 (1).

3. The final professional deficiency found by the habeas court was that appellate counsel failed to raise the issue of an "improper"

charge relating to what it characterizes as Collins's sole defense at trial to the charged crime of trafficking in cocaine, that is, that Collins was not guilty of trafficking but merely of possession and use of cocaine. Relying on *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), the habeas court finds fault with the trial court for charging the jury "that it could consider the lesser-included offense of simple possession if it first found [Collins] not guilty of trafficking."

In *Cantrell*, this Court stated that where a jury deliberates a greater offense as well as a lesser included offense, unanimity among the jurors is not required as to the greater offense before the jury can vote on the lesser included offense; what is required is that the jury return a unanimous verdict as to the whole. Id. at 703. While the charge in this case deviated from the preferred pattern instruction, it is not substantially different from charges which have been upheld on appeal. See *Yaeger v. State*, 274 Ga. 216, 218 (3) (552 SE2d 809) (2001); *Camphor v. State*, 272 Ga. 408 (6) (d) (529 SE2d 121) (2000); *Allison v. State*, 259 Ga. App. 775, 779 (4) (577 SE2d 845) (2003); *Turner v. State*, 241 Ga. App. 431, 435 (3) (c) (526 SE2d 95) (1999). Consequently, appellate counsel cannot be held ineffective on this ground.

Simply, contrary to the habeas court's conclusion that Collins showed that his appellate counsel was ineffective, Collins did not demonstrate that counsel's failure to raise the cited issues was professionally deficient. *Battles v. Chapman*, supra at 702 (1). As noted, the controlling principle with regard to each cited action or inaction by counsel is whether the attorney's decision was an unreasonable one so that only an incompetent attorney would have made it. *Shorter v. Waters*, supra at 584. That cannot be said in this case. Consequently, it was error for the habeas court to grant the writ, and its judgment cannot stand.

*Judgment reversed. All the Justices concur.*

HUNSTEIN, Chief Justice, concurring.

The majority rejects the argument that the trial court's jury charge was improper under *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), despite instructions requiring the jury to reach a unanimous decision on the greater offense before deliberating on the lesser included offense. In my dissent in *Cantrell*, I argued that the trial court did not err in refusing to accept the jury's finding on the lesser offense because jurors had not resolved the greater offense or reached an impasse in their deliberations on it. Because the Court appears to have seen the wisdom of this approach, I concur.

DECIDED FEBRUARY 27, 2012.

Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sara K. Sahni, Assistant Attorney General, for appellant.
Zell & Zell, Rodney S. Zell, for appellee.