311 Ga. 471
FINAL COPY

S21A0074. STEWART v. THE STATE.

ELLINGTON, Justice.

A jury found James Stewart guilty of felony murder and aggravated assault in the shooting death of his girlfriend, Wendy Johnson. Stewart contends that the trial court committed plain error in giving an improper sequential verdict form to the jury and that his counsel was ineffective for failing to object to the verdict form. In addition, Stewart contends that his sentence for aggravated assault (life without parole) was illegal.[1] For the reasons explained

---

[1] The shooting occurred on July 24, 2017. A Haralson County grand jury returned an indictment on August 29, 2017, charging Stewart with malice murder (Count 1), felony murder predicated on aggravated assault (Count 2), aggravated assault (Count 3), and discharging a firearm while under the influence of alcohol or drugs (Count 4). At the beginning of Stewart's trial on December 3, 2018, the State requested that the trial court enter an order of nolle prosequi on the firearms charge (Count 4). The jury found Stewart not guilty on Count 1 and guilty on Counts 2 and 3. By judgment entered on January 9, 2019, the trial court sentenced Stewart to life in prison without parole for felony murder (Count 2) and life in prison without parole for aggravated assault (Count 3). Stewart filed a timely motion for a new trial, which he amended on October 16 and November 18, 2019. After a hearing, the trial court denied the motion for a new trial on February 7, 2020. Stewart filed

below, we vacate the sentence for aggravated assault and otherwise affirm Stewart's convictions.[2]

Johnson was killed by a bullet that entered her right shoulder and tore through vital organs in her chest. Stewart was the sole witness to the shooting. At trial, Stewart testified as follows. Just before the shooting, he went outside to help Johnson retrieve some things from her car. He set his gun, which he almost always kept within arm's reach, on the top of the car and then leaned in the open door to kiss and hug Johnson, who was seated in the front passenger seat. Then, Stewart buckled the seatbelt around Johnson and closed the door, intending to go around and get into the driver's seat. He grabbed the gun, which was still sitting on the roof of the car, and it went off. Stewart insisted that he fired the gun accidentally, but he admitted his "negligence to gun safety" in handling a loaded firearm near Johnson after he had been drinking heavily and smoking

---

a timely notice of appeal, and his appeal was docketed in this Court to the term beginning in December 2020 and submitted for a decision on the briefs.

[2] Stewart does not challenge the sufficiency of the evidence, so we do not consider it, as this Court no longer reviews as a matter of course sufficiency of the evidence in the absence of an enumerated error in non-death penalty cases. See *Davenport v. State*, 309 Ga. 385, 399 (4) (b) (846 SE2d 83) (2020).

marijuana.

Stewart requested a jury instruction on involuntary manslaughter predicated on two misdemeanors: reckless conduct and discharging a firearm while under the influence of alcohol or drugs. The trial court determined that the requested instruction was warranted by the evidence, which included Stewart's testimony that he was negligent in handling a firearm when he was intoxicated.[3] After general instructions, including those regarding the presumption of innocence, the reasonable doubt standard, and the credibility of witnesses, and after instructions defining the charged offenses of malice murder, felony murder, and aggravated assault,

_____

[3] See OCGA §§ 16-5-3 (a) ("A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony."); 16-5-60 (b) ("A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor."); 16-11-134 (a) (1) ("It shall be unlawful for any person to discharge a firearm while . . . [u]nder the influence of alcohol or any drug or any combination of alcohol and any drug to the extent that it is unsafe for the person to discharge such firearm except in the defense of life, health, and property[,]" which conduct shall constitute "a misdemeanor of a high and aggravated nature.").

3

the trial court explained the verdict form, including the provision for the lesser offense of involuntary manslaughter. The court instructed the jury:

> If you do not believe beyond a reasonable doubt that the defendant is guilty of malice murder and/or felony murder but do believe beyond a reasonable doubt that the defendant is guilty of involuntary manslaughter, then you would be authorized to find him guilty of involuntary manslaughter. And in that event the form of your verdict would be – and we specified it for you with the bold wording for you to find accordingly.

The court instructed the jury, as Stewart requested, that a person commits involuntary manslaughter by causing the death of another person without any intention to do so by the commission of the offense of reckless conduct or by the commission of the offense of discharging a firearm while under the offense of alcohol or drugs, and then gave the statutory definitions of those predicate offenses. At the conclusion of the charge, the court gave the pattern jury instruction regarding the jury's verdict: "Whatever your verdict is, it must be unanimous; that is, it must be agreed to by all."[4] This was

---

[4] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.40 (4th ed., 2007).

the only reference to unanimity in the charge recited to the jury.

The preprinted verdict form read as follows:

**VERDICT**

We, the jury, find by unanimous verdict:
As to Count 1: Malice Murder:
\_\_\_\_\_ Not Guilty OR \_\_\_\_\_ Guilty
As to Count 2: Felony Murder:
\_\_\_\_\_ Not Guilty OR \_\_\_\_\_ Guilty
**IF YOUR VERDICT AS TO COUNT 1 AND 2 FOR MALICE MURDER AND FELONY MURDER IS NOT GUILTY, THEN PROCEED TO RENDER VERDICT AS TO THE LESSER INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER BELOW. IF YOUR VERDICT AS TO COUNT 1 OR 2 FOR MALICE MURDER OR FELONY MURDER IS GUILTY THEN SKIP TO COUNT 3.**
Lesser included offense of Involuntary Manslaughter:
\_\_\_\_\_ Not Guilty OR \_\_\_\_\_ Guilty
As to Count 3: Aggravated Assault:
\_\_\_\_\_ Not Guilty OR \_\_\_\_\_ Guilty

Stewart did not object to the jury instructions or to the verdict form. At the end of the jury's deliberations, the foreperson checked "not guilty" for malice murder and "guilty" for felony murder and aggravated assault on the verdict form. The foreperson made no mark on the line on the verdict form for involuntary manslaughter.

1. Stewart argues that the verdict form that the trial court

5

provided to the jury constituted an improper sequential jury instruction, because the form mandated that the jury reach a unanimous verdict of not guilty on both malice murder and felony murder before considering a verdict on the lesser offense of involuntary manslaughter. Stewart contends that the trial court committed plain error by providing the form to the jury. For the reasons that follow, we discern no plain error.

(a) This Court has held that, when the evidence presented in a criminal trial warrants a jury instruction on a lesser-included offense, the trial court errs if it instructs the jury that it may consider the lesser offense only if it first unanimously finds the defendant not guilty of the indicted greater offense. See *Camphor v. State*, 272 Ga. 408, 414 (6) (d) (529 SE2d 121) (2000).[5] An instruction

---

[5] See also *Arrington v. Collins*, 290 Ga. 603, 608 (3) (724 SE2d 372) (2012) (explaining that, under *Cantrell v. State*, 266 Ga. 700, 703 (469 SE2d 660) (1996), "where a jury deliberates a greater offense as well as a lesser included offense, unanimity among the jurors is not required as to the greater offense before the jury can vote on the lesser included offense; what is required is that the jury return a unanimous verdict as to the whole"); *Cantrell*, 266 Ga. at 702-703 (adopting the reasoning from other jurisdictions that requiring a jury to convict or acquit on the greater offense before considering the lesser offense gives the prosecution an unfair advantage, because jurors who favor the lesser

6

that tells the jury that it should consider possible verdicts in a particular sequence is not an improper sequential jury instruction as long as the instruction does not insist on unanimity as to a not-guilty verdict on the greater offense before consideration of the lesser offense. See *Morris v. State*, 303 Ga. 192, 198 (V) (A) (811 SE2d 321) (2018);[6] *Armstrong v. State*, 277 Ga. 122, 122 (2) (587 SE2d 5) (2003); *Camphor*, 272 Ga. at 414 (6) (d); *Suits v. State*, 270 Ga. 362, 366 (6) (507 SE2d 751) (1998). See also *Jackson v. State*, 267 Ga. 130, 133 (12) (475 SE2d 637) (1996) ("We know of no authority which requires that charges on a lesser included offense

---

offense, unless they can dissuade those favoring the greater, may very well choose to vote for conviction of the greater offense rather than to hold out until a mistrial is declared and the defendant is left without a conviction on any charge); *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998) (relying on *Cantrell* and identifying reversible error where the trial court charged the jury, with respect to one count of the indictment, "if you find the defendant not guilty" of that offense, "you would then and only then be authorized to consider the lesser included offense" on that count).

[6] We note that *Morris* concerned voluntary manslaughter as a lesser offense of malice murder and felony murder predicated on aggravated assault and discussed a sequential jury instruction that we rejected in *Edge v. State*, 261 Ga. 865, 867 (2) (414 SE2d 463) (1992). See *Morris*, 303 Ga. at 197 (V) (A). The issues of evidence of provocation and passion that are unique to voluntary manslaughter as a lesser offense are not raised in this case. See *Suits v. State*, 270 Ga. 362, 366 (6) (507 SE2d 751) (1998); *McNeal v. State*, 263 Ga. 397, 398 (2) (435 SE2d 47) (1993). Our reliance on *Morris* in this case is therefore limited to its analysis of the law applicable to lesser offenses generally.

7

. . . precede the charge on the greater offense."). We have approved the pattern jury instruction on lesser included offenses and deemed it preferable in general to alternative instructions. See *Camphor*, 272 Ga. at 414 (6) (d). That pattern instruction provides (with blanks to fill in the pertinent lesser offense):

> If you do not believe beyond a reasonable doubt that the defendant is guilty of (indicted crime), but do believe beyond a reasonable doubt that the defendant is guilty of _____, then you would be authorized to find the defendant guilty of _____, and the form of your verdict in that event would be, "We, the jury, find the defendant guilty of _____."

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.60.11 (4th ed., 2007).

The jury instructions at issue in this case, in particular the verdict form, deviated from the pattern instruction. See *Rowland v. State*, 306 Ga. 59, 68 (6) (829 SE2d 81) (2019) ("A preprinted verdict form is treated as part of the jury instructions which are read and considered as a whole in determining whether there is [instructional] error." (citations and punctuation omitted)). Through the form, the trial court instructed the jury of only one circumstance

when it could "render verdict" as to the lesser offense of involuntary manslaughter: if it first reached a "verdict," which the recited instructions and the verdict form specified must be "unanimous," of "not guilty" as to Count 1 and Count 2 for malice murder and felony murder. Compared to other cases in which we have held that jury instructions were not improperly sequential – because, although the instructions in those cases deviated from the pattern instruction on lesser offenses, they did not compel the jury to reach a unanimous verdict of not guilty on the greater offense before it could consider the lesser offense – the language of the verdict form in this case is more limiting of the jury's consideration of the lesser offense.[7] We reiterate that trial courts that elect to dictate the sequence in which

---

[7] See, e.g., *Morris*, 303 Ga. at 198 (V) (A) (upholding instruction that "you are not required to reach a unanimous agreement on a greater offense before considering lesser included offenses[;] [y]ou must, however, consider the greater offense before considering any lesser included offense"); *Camphor*, 272 Ga. at 414 (6) (d) (upholding instruction that "[s]hould you find the defendant not guilty of the crime of burglary, you would be authorized to consider under the evidence whether or not he did, at said time and place, commit the lesser offense of criminal trespass"); *Jones v. State*, 263 Ga. 835, 840 (5) (439 SE2d 645) (1994) (upholding instruction, after instructions setting forth the elements of felony murder, that "in your consideration of the indictment, that is, the charge of felony murder, you may also consider the lesser included offense of involuntary manslaughter in the commission of an unlawful act").

a jury is to consider (deliberate about) possible verdicts must avoid any instruction, including on a verdict form, that directs the jury to consider the lesser offense only if it first unanimously finds the defendant not guilty of (reaches a verdict of not guilty on) the indicted greater offense.

(b) Given Stewart's failure to object to the jury instructions, including the verdict form, however, we do not address this claim of error in terms of ordinary appellate review. See *Russell v. State*, 309 Ga. 772, 782 (3) (a) (848 SE2d 404) (2020). We must instead resolve the issue by examining whether Stewart has cleared the much higher bar of showing plain error.

> To show plain error, the appellant must demonstrate that the instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. Satisfying all four prongs of this standard is difficult, as it should be.

*Clarke v. State*, 308 Ga. 630, 637 (5) (842 SE2d 863) (2020) (citations and punctuation omitted). See also *State v. Herrera-Bustamante*, 304 Ga. 259, 264 (2) (b) (818 SE2d 552) (2018) (The appellate court

need not analyze the other elements of the plain-error test when the appellant fails to establish any one of them.). An instructional error is obvious beyond reasonable dispute when the error is "plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." *Cheddersingh v. State*, 290 Ga. 680, 685 (2) n.5 (724 SE2d 366) (2012) (citations, punctuation and emphasis omitted). See also *Hill v. State*, 310 Ga. 180, 194 (11) (a) (850 SE2d 110) (2020) ("An error cannot be plain where there is no controlling authority on point.") (citation and punctuation omitted).

The verdict form at issue here is not erroneous in view of the unequivocally clear words of a statute or court rule. And Stewart cites only one appellate case that actually reversed a conviction based on an improper sequential jury instruction: *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1990). The differences between the instructions at issue in *Kunselman* and the instructions used in Stewart's case are significant enough that *Kunselman* does not constitute controlling authority on point for the proposition that any error in the instructions at issue here was

11

obvious beyond reasonable dispute. In *Kunselman*, the Court of Appeals rejected an instruction that, if the jury found the defendant not guilty of the indicted offense, it would "then and only then be authorized to consider the lesser included offense." The instructions in this case did not expressly prohibit the jury from considering the lesser offense unless it first unanimously found Stewart not guilty of the greater offenses. In the absence of controlling authority on point, Stewart cannot meet the second prong of the plain-error test, and this claim of error fails. See *Horton v. State*, 310 Ga. 310, 324 (3) (c) (849 SE2d 382) (2020); *Hill*, 310 Ga. at 194-195 (11) (a).

2. Stewart contends that he received ineffective assistance of counsel, based on his attorney's failure to object to the verdict form on the basis that it constituted an improper sequential jury instruction.

To prevail on his claim of ineffective assistance of counsel, Stewart "must show both that his trial counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would

have been different." *Wilkins v. State*, 308 Ga. 131, 138 (4) (839 SE2d 525) (2020) (citation and punctuation omitted). See also *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). To satisfy the deficiency prong, a defendant must demonstrate that his attorney "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." *Smith v. State*, 308 Ga. 81, 87 (3) (839 SE2d 630) (2020) (citation and punctuation omitted). "In examining an ineffectiveness claim, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Wilkins*, 308 Ga. at 138 (4) (citation and punctuation omitted).

Stewart has not shown under existing precedent that the verdict form clearly constituted an improper sequential jury instruction, as explained in Division 1 (b), supra. Consequently, Stewart has not carried his burden of showing that his trial counsel's failure to object to the verdict form was objectively unreasonable, and this claim therefore fails. See *Smith*, 308 Ga. at 89 (3) (holding

13

that counsel's performance was not deficient for failing to object to a jury instruction where the objection would have required a change, or at least a clarification, of binding precedent to prevail); *Arrington v. Collins*, 290 Ga. 603, 607-608 (3) (724 SE2d 372) (2012) (While a jury instruction that the jury "could consider the lesser-included offense of simple possession if it first found [the defendant] not guilty of trafficking" deviated from the preferred pattern instruction, it was not substantially different from charges which have been upheld on appeal, and appellate counsel therefore could not be held ineffective for failing to challenge the charge as "improper" on appeal.).

3. Although Stewart does not raise the issue on appeal, we have identified a merger error in his sentencing. "When the only murder conviction is for felony murder and a defendant is convicted of both felony murder and the predicate felony of the felony murder charge, the conviction for the predicate felony merges into the felony murder conviction." *Allen v. State*, 307 Ga. 707, 710-711 (5) (838 SE2d 301) (2020) (citation and punctuation omitted). See OCGA § 16-1-7 (a) (1)

14

(When the same conduct of an accused may establish the commission of more than one crime, the accused may not "be convicted of more than one crime if . . . [o]ne crime is included in the other[.]"). Because the crime charged in Count 3, aggravated assault by shooting Johnson with a gun, was the predicate felony for the charge of felony murder in Count 2, the aggravated assault conviction merged with the felony murder conviction for sentencing purposes. See *Allen*, 307 Ga. at 710-711 (5). The trial court therefore erred in sentencing Stewart on Count 3, and the judgment is vacated in part to correct the merger error. See *Hill*, 310 Ga. at 198 (13); *Allen*, 307 Ga. at 711 (5). Stewart's remaining argument about the sentence on Count 3 is therefore moot.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

Decided May 17, 2021.

Murder. Haralson Superior Court. Before Judge Lim.

*Brian Steel*, for appellant.

*Oliver J. Browning, Jr., District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.