**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 8, 2021**

# In the Court of Appeals of Georgia

A21A0906. DOUGLAS v. THE STATE.

MERCIER, Judge.

Following a jury trial, Grady Douglas was convicted of trafficking in heroin, possession of cocaine with intent to distribute, and possession of a firearm during the commission of a felony. The trial court denied Douglas's motion for new trial, and Douglas filed this pro se appeal. He asserts the general grounds, and argues that the trial court erred by denying his motion to suppress, by failing to continue the hearing on his motion for new trial, by denying his motion to reveal the identity of the confidential informant and that his arrest warrant failed to meet statutory requirements. Finding no error, we affirm.

1. Douglas claims that the trial court erred by denying his motion to suppress evidence obtained from the execution of a search warrant. "In reviewing the grant or

denial of a motion to suppress, we construe the evidence in the light most favorable to upholding the trial court's findings and judgment. The trial court's application of law to undisputed facts, however, is subject to de novo review." *Thomas v. State*, 287 Ga. App. 262 (651 SE2d 183) (2007) (citations and punctuation omitted).

(a) There is no dispute that the search warrant provided the incorrect apartment number. The warrant provided that apartment 1 at 617 Echo Street NW in Atlanta was to be searched. However, the search was conducted of apartment 4.

At the suppression hearing, a narcotics investigator with the Atlanta Police Department testified that a confidential informant reported that "a lot of" heroin was being sold from two apartments located at 617 Echo Street. The apartments were in a building with three other apartments. The informant reported that the narcotics were being sold from the two second floor apartments (one apartment during the day and one during the night), and following a controlled buy, the informant identified the "daytime" apartment where he purchased heroin as "apartment 1." The search warrant application and supporting affidavit stated that the investigator had reason to believe that heroin was being sold from "apartment 1 [which] is on the northeast side of the apartment building. It is on the second floor." Prior to applying for the search warrant, the investigator attempted to visit the apartment because he did not believe

that apartment 1 would be located on the second floor of the building, but there were people at the building, and the investigator thought he would be recognized. The investigator testified: "[W]hen I actually wrote my affidavit, I described the actual [apartment] that the [informant] was telling me, which was the one that was on the corner upstairs . . . that the [informant] was calling apartment one. But I just knew that that wasn't right." A magistrate court issued the search warrant for "apartment 1. . . on the northeast side of the apartment building . . . on the second floor."

The search was conducted on November 4, 2015. When the investigator entered the building and went upstairs, he discovered that the apartment the informant had described was number four. Notably, there was no apartment "1" on the second floor of the apartment building.

A search warrant is not necessarily legally insufficient if it contains an incorrect address. See *Arrington v. Collins*, 290 Ga. 603, 606 (1) (724 SE2d 372) (2012). Rather, "the description of the premises to be searched is sufficient if on its face it enables a prudent officer executing the warrant to locate it definitely and with reasonable certainty." Id. "In determining whether the subject place is sufficiently described in the warrant, our courts read the warrant as a whole and consider other

3

evidence, including, but not limited to, the supporting affidavit." *State v. Hicks*, 269 Ga. App. 741, 743 (605 SE2d 34) (2004).

Here, the warrant itself identified the correct apartment building and the correct location of the apartment, on the second floor on the northeast side. The only incorrect information on the warrant was the apartment number. As a prudent officer executing the warrant could have located the apartment on the second floor in the correct corner with reasonable certainty and without depending upon his or her discretion, we affirm the trial court. See *Arrington*, supra at 605-606 (1) (when the body of a warrant contained additional descriptive and identifying elements, the warrant was not facially invalid even though it contained the incorrect street number for the residence); see also *Hicks*, supra at 743 (mistake in describing the duplex as the fourth instead of the third on a street did not destroy validity of warrant when there was enough information for a reasonably prudent officer to find the house); compare *Thomas*, supra at 264 ("the warrant contained no other descriptive information about the property or the occupant, other than the erroneous address" and therefore was facially defective for lack of sufficient particularity).

(b) Douglas claims that police officers failed to present him with a copy of the search warrant during its execution, in violation of statutory requirements. However,

Douglas failed to raise this argument in his motion to suppress or at trial. Therefore, he has waived the argument. See *Amica v. State*, 307 Ga. App. 276, 280 (1) (c) (704 SE2d 831) (2010). Setting aside his waiver, his argument is without merit.

Pursuant to OCGA § 17-5-25, a duplicate copy of a search warrant "shall be left with any person from whom any instruments, articles, or things are seized; or, if no person is available, the copy shall be left in a conspicuous place on the premises from which the instruments, articles, or things were seized." The return of the search warrant was admitted at the hearing, and on the return the investigating officer averred: "I left a copy of the warrant, together with the receipt of the seized person(s), property, items, articles, instruments, left [sic] in a conspicuous place on the premises particularly described in the Search Warrant." This averment was sufficient to support compliance with OCGA § 17-5-25. See generally *Amica*, supra at 281 (1) (c).

2. In three separate enumerated errors, Douglas asserts the general grounds. See OCGA §§ 5-5-20, 5-5-21. However, he fails to support these enumerated errors with argument or citation to authority. As such, he has waived these enumerated errors. See Court of Appeals Rule 25 (c) (2) ("[a]ny enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned"); *Kendrick v. State*, 269 Ga. App. 831, 832 (2) (605 SE2d 369) (2004)

(defendant's unsupported enumerated error that the verdict was contrary to the evidence was deemed abandoned); *Cooper v. State*, 358 Ga. App. 212, 212 (854 SE2d 557) (2021) ("proceeding pro se does not relieve a party of his obligation to comply with the rules of this Court") (citation and punctuation omitted).

3. Douglas claims that the trial court erred by not granting him a continuance at the hearing for his motion for new trial. "[T]his [C]ourt will not reverse a trial court's decision on a motion for continuance except upon a clear abuse of the trial court's discretion." *Hughes v. State*, 323 Ga. App. 4, 9 (3) (746 SE2d 648) (2013) (citation and punctuation omitted).

At the hearing, Douglas stated that he no longer wanted his counsel to represent him and wanted to proceed pro se. In response, the trial court stated "[h]ere is my concern is that we do this. We continue it and then we come in for the hearing and [Douglas] says he wants a lawyer to represent him because I think we've done that before." After citing the amount of time between the jury trial and the motion for new trial hearing (approximately three years), the trial court stated that the hearing would be going forward. The following colloquy occurred:

6

COURT: So Mr. Douglas, I guess the question is we're going to go forward today. Do you want [appointed counsel] to represent you or do you want to represent yourself?

DOUGLAS: If I go forward today, I'm going to have a hearing today?

COURT: Yes.

DOUGLAS: I'm not prepared today, your honor.

COURT: Okay. Well, my question is do you want to represent yourself or do you want [appointed counsel] to represent you?

DOUGLAS: I will represent myself. The trial court then conducted a *Faretta*[1] hearing. Pertinently, the trial court asked: "Do you understand you're not going to be given any extra time for preparing the case simply because you're representing yourself?" Douglas responded affirmatively. The trial court found that Douglas made a knowing, intelligent and voluntary waiver, allowed him to proceed pro se, and the hearing took place.

Douglas has the burden to show that he was harmed by the court's refusal to continue the hearing, and he has failed to carry that burden. See *Hughes*, supra at 9-10 (3). "Because there is no showing that a continuance would have benefitted

_____

[1] *Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LE2d 562) (1975).

[Douglas], he has not established harm in the denial of the continuance, and the same cannot constitute reversible error." See id at 10 (3) (citation and punctuation omitted).

4. Douglas argues that the trial court erred by denying his motion to reveal the confidential informant's identity. We review a trial court's determination regarding a motion to disclose an informant's identity for abuse of discretion. See *Leonard v. State*, 228 Ga. App. 792, 796 (2) (492 SE2d 747) (1997).

As in *Woodruff v. State*, 339 Ga. App. 707 (792 SE2d 471) (2016), the informant's sole involvement in the present case was providing information to the investigating officer and making controlled buys. See id at 708 (2). The police officers relied upon the controlled buys to obtain a search warrant, but did not indict Douglas for the sales of drugs. See id. Instead, the State indicted Douglas for trafficking in heroin, possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony, based on the drugs and a firearm found during the execution of the search warrant. The informant was not present during the execution of the search warrant. Consequently, because the trial court was authorized to conclude that the informant was a mere tipster whose identity was privileged, the trial court did not abuse its discretion by denying Douglas's motion to reveal the informant's identity. See id at 709 (2) ("[b]ecause the confidential

8

informant appears to be a mere tipster who had neither seen nor participated in the events, disclosure was not required") (citation and punctuation omitted).

5. Finally, Douglas argues that the trial court erred by failing "to acknowledge that the Atlanta Police Investigator . . . violated OCGA § 17-14-41[2] [sic] in regards to the arrest warrant." However, Douglas was arrested pursuant to probable cause and not an arrest warrant.

As the search warrant was being executed, a sergeant with the Atlanta Police Department observed a man, later identified as Douglas, throw a loaded gun from an apartment window, and seconds later the sergeant saw "two bags of white substance coming out [of] the window[.]"[3] Douglas was found in apartment four, along with Angie Jiminez.[4] The search of apartment four revealed plastic bags, a scale and other items used to package narcotics in a bedroom, along with a plastic bag containing a powdery substance and syringes. The officers also found Douglas's wallet in a

---

[2] OCGA § 17-14-41 does not exist. We assume that Douglas intended to cite OCGA § 17-4-41, which provides statutory requirements for arrest warrants.

[3] The bags were later tested for narcotics. One bag contained 34.99 grams of heroin and the other bag contained 9.5 grams of cocaine.

[4] Angie Jiminez's real name is Angela Gateland, but at the time of her arrest she gave the officers a false name because she "knew [she] had a warrant from Cobb County."

bedroom. Douglas and Jiminiez were arrested at the scene due to probable cause. There was adequate probable cause to support the arrest. See generally *Gadson v. State*, 252 Ga. App. 347, 349 (4) (556 SE2d 449) (2001) (probable cause existed during the execution of a search warrant when the police found a substance which appeared to be cocaine and which a field test showed to be cocaine and defendant admitted to living at the address). This enumerated error is meritless.

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur*.